**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 1:20-cv-1399-LPS |
| AMAZON WEB SERVICES, INC., and PINDROP SECURITY, INC., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF SUBSEQUENT AUTHORITIES**
**FURTHER SUPPORTING DENIAL OF MOTIONS TO DISMISS (D.I. 12, 15)**

Plaintiffs file this notice to inform the Court of two recent decisions denying motions to dismiss Illinois Biometric Information Privacy Act ("BIPA") claims which are similar to Plaintiffs' claims here. *Vance v. Amazon.com Inc.*, No. 20-1084, (W.D. Wash. Mar. 15, 2021) ("*Amazon*"); *Vance v. Microsoft Corp.*, No. 20-1082, 2021 WL 963485 (W.D. Wash. Mar. 15, 2021) ("*Microsoft*").[1] Both cases involve BIPA section 15(b) and 15(c) claims arising from the defendants' use of a facial recognition dataset, originally compiled by non-parties IBM and Yahoo!, to enhance the effectiveness and marketability of the defendants' facial recognition products. *Amazon*, 2021 WL 963484, at *1–2.

In denying the defendants' motions to dismiss in relevant part, the court rejected arguments by Amazon and Microsoft—both represented by the same counsel representing Amazon Web Services in this case—similar to Defendants' arguments here. *First*, the court joined "the majority of courts" in declining to dismiss BIPA claims based on the Illinois extraterritoriality doctrine before allowing discovery "regarding the extent to which the alleged

---

[1] Both orders are substantially identical. Plaintiffs cite solely to *Amazon* for ease of reference.

misconduct occurred in Illinois." *Id*. at *3–5; *see* D.I. 13 at 6–8; D.I. 16 at 5–10; D.I. 21 at 1–5; D.I. 22 at 1–3 (Defendants' extraterritoriality arguments). The plaintiffs' Illinois residency, that the "required disclosures or permissions" necessarily would have involved Illinois, and the "national reach" of Amazon's business allowed a reasonable inference that the alleged conduct occurred in Illinois. *Amazon*, 2021 WL 963484, at *4. The location where Amazon obtained the data was not dispositive. *Id*.

     *Second*, the plaintiffs' allegation that Amazon used biometric data to improve its products was necessarily sufficient to establish that Amazon "collect[ed]" or "otherwise obtain[ed]" the data for purposes of section 15(b), because Amazon could not "have come into possession of or used Plaintiffs' facial scans without having first obtained it." *Id.* at *7. The court further rejected Amazon's contention, nearly identical to AWS's argument here, "that § 15(b) only applies when an entity acquires biometric data 'directly from any individual,'" and that to hold otherwise would "produce an absurd result." *Id.* at *8; *see* D.I. 16 at 12–13 (asserting that "Section 15(b) does not apply" because "Plaintiffs do not claim AWS actively collected biometric information directly from them," and that to hold otherwise "would yield absurd results"); D.I. 13 at 11–12; D.I. 21 at 6–8; D.I. 22 at 6.

     *Amazon* and *Microsoft* further support Plaintiffs' arguments on these points, D.I. 18 at 6–7, 17–18; D.I. 19 at 6–9, 16–19,[2] and thus further support denial of Defendants' motions to dismiss.

---

   [2] The court deferred ruling on the plaintiffs' section 15(c) claim pending supplemental briefing. *Amazon*, 2021 WL 963484, at *9.

Dated: March 19, 2021

Andrew D. Schlichter
Joel Rohlf
Alexander L. Braitberg
SCHLICHTER BOGARD & DENTON, LLP
100 South Fourth St., Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
aschlichter@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com

BAYARD, P.A.

*/s/ Ronald P. Golden III*
Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 North King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiffs*