IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMAZON WEB SERVICES, INC. and PINDROP SECURITY, INC.,<br><br>        Defendants. | C.A. No. 1:20-cv-01399-LPS |

**DEFENDANT AMAZON WEB SERVICES, INC.'S NOTICE OF SUBSEQUENT AUTHORITIES FURTHER SUPPORTING MOTION TO DISMISS (D.I. 15)**

Pursuant to D. Del. L.R. 7.1.2(b), Defendant Amazon Web Services, Inc. ("AWS") files this notice to inform the Court of the subsequent decisions reached in *Vance v. Microsoft Corp.*, No. 20-1082, 2021 WL 963485 (W.D. Wash. Mar. 15, 2021) ("*Microsoft I*"), *Vance v. Amazon.com Inc.*, No. 20-1084, 2021 WL 963484 (W.D. Wash. Mar. 15, 2021) ("*Amazon I*"), and a recently-decided BIPA case, *Leroy Jacobs v. Hanwha Techwin America, Inc.*, No. 21 C 866, 2021 WL 3172967 (N.D. Ill. July 27, 2021).

    A.    <u>Subsequent *Vance* Decisions</u>

As discussed in Plaintiffs' Notice of Subsequent Authorities ("Notice"), both *Microsoft I* and *Amazon I* involve claims arising under Sections 15(b) and 15(c) of Illinois' Biometric Information Privacy Act ("BIPA"). D.I. 23. Plaintiffs' Notice also acknowledged that the *Microsoft I* and *Amazon I* court deferred ruling on plaintiffs' Section 15(c) claim pending supplemental briefing. *Id.* at 2 n.2. AWS respectfully submits the two subsequent decisions, *Vance v. Microsoft Corp.*, No. 20-1082, 2021 WL 1401634 (W.D. Wash. Apr. 14, 2021)

1

("*Microsoft II*") (**Exhibit A**) and *Vance v. Amazon.com Inc.*, No. 20-1084, 2021 WL 1401633 (W.D. Wash. Apr. 14, 2021) ("*Amazon II*") (**Exhibit B**) to complete the record of the legal authorities previously submitted by Plaintiffs.

The court concluded that plaintiffs failed to allege a viable Section 15(c) claim against Microsoft because:

> Plaintiffs allege that Microsoft used the biometric data to "improve its facial recognition products and technologies," which "improve[d] the effectiveness" of those products and made them "more valuable in the commercial marketplace." While these allegations support the inference that Microsoft may have received some benefit from increased sales of its improved products, these allegations do not establish that Microsoft disseminated or shared access to biometric data through its products. Plaintiffs do not allege that Microsoft directly sold biometric data. And unlike in *Flores*, ***they have not alleged that the biometric data is itself so incorporated into Microsoft's product that by marketing the product, it is commercially disseminating the biometric data***. Because Plaintiffs' factual allegations do not allow the court to reasonably infer that Microsoft is sharing access to the biometric data[.]

*Microsoft II*, 2021 WL 1401634, at *5 (internal citations omitted) (emphasis added).

In contrast, the court concluded that plaintiffs did plausibly allege a violation of Section 15(c) against Amazon because:

> Plaintiffs allege that amongst its many uses of facial recognition technology, Amazon's Rekognition "allows users to match new images of faces with existing, known facial images 'based on their visual geometry.'" Rekognition, and its face-matching feature, is then incorporated into many other Amazon products. Amazon's customers, including law enforcement agencies, utilize Rekognition to "monitor individuals they consider 'people of interest'" in their criminal investigations. Like in *Flores*, ***these allegations support the inference that the biometric data is itself so incorporated into Amazon's product that by marketing the product, it is commercially disseminating the biometric data.***

*Amazon II*, 2021 WL 1401633, at *5 (internal citations omitted) (emphasis added).[1]

---

[1] Amazon denies these allegations, and evidence will demonstrate they are untrue.

### B. *Leroy Jacobs v. Hanwha Techwin America*

In *Leroy Jacobs v. Hanwha Techwin America, Inc.*, No. 21 C 866, 2021 WL 3172967 (N.D. Ill. July 27, 2021) (**Exhibit C**), the court dismissed plaintiff's claims asserted under Sections 15(a), 15(b), and 15(d) of BIPA.  Ex. C at 1.  Regarding plaintiff's Section 15(b) claim, the court noted that "[u]nlike Sections 15(a), (c), (d), and (e) of BIPA—all of which apply to entities 'in possession of' biometric data—Section 15(b) applies to entities that 'collect, capture, purchase, receive through trade, or otherwise obtain' biometric data." *Id.* at 3.  The court held that plaintiff failed to "sufficiently plead[] that defendant took any active steps to collect biometric data" and failed to state a Section 15(b) claim by not "alleging how, when, or any other factual detail" regarding defendant's alleged collection of biometric data.  *Id.* at 5; *see also id.*  ("[T]he complaint makes clear that defendant is merely a third-party technology provider . . . and that the active collector and processor of the data is T.J. Maxx.").

Regarding plaintiff's Section 15(a) and 15(d) claims, the court held that plaintiff failed to allege defendant possessed his biometric data by "not provid[ing] any factual allegations that plausibly establish that defendant exercised control over plaintiff's data" and failing to "say whether defendant could freely access the data, or even how defendant allegedly received it." *Id.* at 6–7; *see also id.* at 7 (dismissing "claim under Section 15(d) for an independent reason: plaintiff offers no basis for its allegation that defendant disclosed his biometric data").

| | |
|---|---|
| Dated:  September 13, 2021 | **MORGAN, LEWIS & BOCKIUS LLP** |
| | */s/ Jody C. Barillare* |
| Beth Herrington (admitted *pro hac vice*) | Jody C. Barillare (#5107) |
| 110 North Wacker Drive, Suite 2800 | 1201 North Market Street, Suite 2201 |
| Chicago, IL  60606 | Wilmington, DE  19801 |
| (312) 324-1000 | (302) 574-3000 |
| beth.herrington@morganlewis.com | jody.barillare@morganlewis.com |
| | |
| Raechel Keay Kummer (admitted *pro hac vice*) | |
| 1111 Pennsylvania Avenue, NW | |
| Washington, DC  20004-2541 | |
| (202) 739-3000 | *Attorneys for Defendant Amazon Web* |
| raechel.kummer@morganlewis.com | *Services, Inc.* |

4