## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CHRISTINE MCGOVERAN, JOSEPH )
VALENTINE, and AMELIA RODRIGUEZ, )
on behalf of themselves and all other persons )
similarly situated, known and unknown, )
 )
          Plaintiffs, )      No. 1:20-cv-1399-LPS
 )
 )
AMAZON WEB SERVICES, INC., and )
PINDROP SECURITY, INC., )
 )
          Defendants. )

## PLAINTIFFS' NOTICE OF SUBSEQUENT AUTHORITY
## FURTHER SUPPORTING DENIAL OF MOTIONS TO DISMISS (D.I. 12, 15)

Plaintiffs file this notice to inform the Court of a recent decision, *ACLU v. Clearview AI, Inc.,* No. 2020-CH-04353 (Ill. Cir. Ct. Aug. 27, 2021) (attached hereto as Exhibit 1), denying a motion to dismiss Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA") claims.  Following the other courts that have unanimously rejected defendants' arguments that Illinois's extraterritoriality doctrine bars BIPA claims as a matter of law (D.I. 18 at 17–18; D.I. 19 at 16–19), the *Clearview* court denied the defendant's motion to dismiss.  *Clearview* at 7.

*First*, the *Clearview* court held that the Illinois General Assembly's legislative findings express an intent that BIPA have extraterritorial effect.  *Id*. at 6.  As the court found, "the statute's finding that major national corporations were targeting locations in Illinois as pilot testing sites for new applications of biometric-facilitated financial transactions" "come[s] close" to an explicit expression of clear legislative intent that BIPA have extraterritorial effect.  *Id*. at 6–7 (citing *Patel v. Facebook, Inc.,* 932 F.3d 1264, 1276 (9th Cir. 2019) and 740 ILCS 14/5(b)).  The court held that it is thus "reasonable to infer . . . that the [Illinois] General

Assembly contemplated BIPA's application to individuals who are located in Illinois, even if some relevant activities occur outside the state." *Clearview* at 6–7.

*Second*, the *Clearview* court held that application of the extraterritoriality doctrine in BIPA claims requires a fact-intensive inquiry that is not amenable to adjudication at the motion-to-dismiss stage. *Id.* at 7. The court cited with approval *Rivera v. Google*, 238 F. Supp. 3d 1088, 1100 (N.D. Ill. 2017), which denied a motion to dismiss a BIPA claim on extraterritoriality grounds because, for among other reasons, discovery was necessary to develop facts concerning where the violation "primarily and substantially" took place. *Clearview* at 7.

*Third*, like other courts, the *Clearview* court focused its analysis regarding the location where the BIPA violation "primarily and substantially" took place on the location of the *source* from which biometric data was extracted, rather than the location where the biometric data extraction was *performed*. *Id.* at 7. The court relied on the fact that of the "millions of images uploaded by Illinois residents and subsequently collected by Clearview, many were *uploaded from Illinois*." *Id.* at 7 (emphasis added); *see also Vance v. Amazon.com Inc.*, No. 20-1084-JLR, 2021 WL 963484, at *4 (W.D. Wash. Mar. 15, 2021) (rejecting extraterritoriality argument based on fact that photos were uploaded from Illinois to a cloud-based system for biometric data extraction); *Vance v. Microsoft Corp.*, No. 20-1082-JLR, 2021 WL 963485, at *4 (W.D. Wash. Mar. 15, 2021) (same); *Vance v. Int'l Bus. Machines Corp.*, No. 20-577, 2020 WL 5530134, at *3 (N.D. Ill. Sept. 15, 2020) (same); *Monroy v. Shutterfly, Inc.*, No. 16-10984, 2017 WL 4099846, *6 (N.D. Ill. 2017) (same); *Rivera v. Google, Inc.*, 238 F. Supp. 3d 1088, 1101–02 (N.D. Ill. 2017) (same). The *Clearview* decision, like the other decisions cited in Plaintiffs' opposition to Defendants' motions to dismiss that have unanimously rejected defendants' extraterritoriality arguments in BIPA cases (D.I. 18 at 17–18; D.I. 19 at 16–19), thus is contrary

to Defendants' argument that the violations Plaintiffs allege occurred outside Illinois, and

further supports denial of Defendants' motions to dismiss.  D.I. 21 at 1–2; D.I. 22 at 1.

Dated: September 13, 2021                    BAYARD, P.A.

Andrew D. Schlichter                         */s/ Ronald P. Golden III*
Joel Rohlf                                   Stephen B. Brauerman (#4952)
Alexander L. Braitberg                       Ronald P. Golden III (#6254)
SCHLICHTER BOGARD & DENTON, LLP              600 North King Street, Suite 400
100 South Fourth St., Ste. 1200             Wilmington, Delaware 19801
St. Louis, MO 63102                          (302) 655-5000
Phone: (314) 621-6115                        sbrauerman@bayardlaw.com
Fax: (314) 621-5934                          rgolden@bayardlaw.com
aschlichter@uselaws.com
jrohlf@uselaws.com                           *Attorneys for Plaintiffs*
abraitberg@uselaws.com