IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON WEB SERVICES, INC. and PINDROP SECURITY, INC., <br><br> Defendants. | C.A. No. 20-1399 (LPS) |

**DEFENDANT PINDROP SECURITY, INC.'S NOTICE OF SUBSEQUENT AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS (D.I. 12)**

Defendant Pindrop Security, Inc., files this Notice in order to bring two recent cases to the Court's attention.

(1) *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (June 25, 2021), is a seminal decision clarifying the harm necessary for Article III standing. The case involved claims by a putative class of consumers for a statutory violation based on statements in defendant's credit files that plaintiffs were a "potential match" with names on a government's list of terrorists, drug dealers and other serious criminals. Holding that "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)," the Supreme Court ruled that only class members who could establish that their individual information was disclosed to third parties could show the "concrete harm" necessary to standing; otherwise, the statutory violation did not confer standing. *Id.* at 2200, 2208.

*TransUnion* supports three of Pindrop's arguments for dismissal. *First*, the Supreme Court held that "[t]he mere presence of an inaccuracy in an internal credit file, ***if it is not disclosed to a***

***third party***, causes no concrete harm." *Id.* at 2210 (emphasis added).  Plaintiffs here likewise "do not allege that Pindrop disclosed any biometric information to a third party," and therefore cannot state a claim under Section 15(d) of BIPA.  (D.I.13 at 15.)  *Second*, *TransUnion* makes clear that allegations regarding a risk of future dissemination or disclosure of information, without more, are "too speculative to support Article III standing." *TransUnion*, 141 S. Ct. at 2211-12.  But, this is the only possible harm that could result from Pindrop's alleged violation of Section 15(e) of BIPA—which requires entities to use "the reasonable standard of care . . . to store, transmit, and protect" biometric data—as plaintiffs fail to allege any facts regarding specific deficiencies in Pindrop's current storage practices or even how plaintiffs' data was purportedly stored or transmitted.  (D.I.13 at 16.)  *Third*, *TransUnion* supports Pindrop's argument that Plaintiffs are not entitled to an injunction.  (*Id.* at 17, n. 8.)  Forward-looking, injunctive relief is warranted "so long as the risk of harm is sufficiently ***imminent and substantial***." *TransUnion*, 141 S. Ct. at 2210.  The complaint contains no allegations showing an imminent and substantial risk of harm to plaintiffs.

(2) *Kurt v. Platinum Supplemental Ins., Inc.*, 19 C 4520, 2021 WL 3109667, at *9 (N.D. Ill. July 22, 2021), dismisses, on extraterritorial grounds, claims under the Illinois Consumer Fraud Act, where plaintiffs alleged that out-of-state defendants engaged in a life insurance "twisting" scheme targeting senior citizens in rural communities.  *Id.* at *1.  The court held that plaintiffs' assertion that the alleged scheme occurred primarily and substantially within Illinois "[was] just not supported," because they failed to link their "injuries or the circumstances surrounding the . . . disputed transactions with Illinois."  *Id.* at *9.  This case supports Pindrop's argument that plaintiffs have failed to allege facts that plausibly show the alleged violation of BIPA occurred "primarily and substantially" in Illinois.  (D.I.13 at 6-8).

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Jack B. Blumenfeld* |
| OF COUNSEL: | Jack B. Blumenfeld (#1014)<br>1201 North Market Street<br>P.O. Box 1347 |
| Andrew B. Bloomer, P.C.<br>Catherine L. Fitzpatrick<br>Amelia Bailey<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60654<br>(312) 862-2000 | Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br><br>*Attorneys for Defendant Pindrop Security, Inc.* |
| Diana M. Torres<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East<br>Los Angeles, CA 90067<br>(213) 680-8400 | |

September 13, 2021

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 13, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Stephen B. Brauerman, Esquire<br>Ronald P. Golden III, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Andrew D. Schlichter, Esquire<br>Joel Rohlf, Esquire<br>Alexander L. Braitberg, Esquire<br>SCHLICHTER BOGARD & DENTON LLP<br>100 South Fourth Street, Suite 1200<br>St. Louis, MO  63102<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jody C. Barillare, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>1201 North Market Street, Suite 2201<br>Wilmington, DE 19801<br>*Attorneys for Defendant Amazon Web Services, Inc.* | *VIA ELECTRONIC MAIL* |
| Elizabeth Herrington, Esquire<br>MORGAN, LEWIS & BOCKIUS LLP<br>77 West Wacker Drive<br>Chicago, IL  60601<br>*Attorneys for Defendant Amazon Web Services, Inc.* | *VIA ELECTRONIC MAIL* |

2

Raechel Keay Kummer, Esquire *VIA ELECTRONIC MAIL*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
*Attorneys for Defendant Amazon Web Services, Inc.*

/s/ *Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)