IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON WEB SERVICES, INC. and PINDROP SECURITY, INC.,<br><br>Defendants. | C.A. No. 1:20-cv-01399-SB |

**DEFENDANT AMAZON WEB SERVICES, INC.'S
RESPONSE TO PLAINTIFFS' NOTICES OF SUPPLEMENTAL AUTHORITY (D.I. 60, 61)**

Defendant Amazon Web Services, Inc. ("AWS") submits this response to Plaintiffs' notices of supplemental authority dated July 22, 2022 (D.I. 61, "Plaintiffs' 7/22 Notice") and June 24, 2022 (D.I. 60, "Plaintiffs' 6/24 Notice"),[1] The cases cited in the Notices do not support the arguments in Plaintiffs' Opposition.

First, in *Fee v. Ill. Inst. of Tech.*, No. 21-cv-2512, 2022 WL 27918181 (N.D. Ill. July 15, 2022) (Plaintiffs' 7/22 Notice, at 1), the court denied the defendant university's motion to dismiss under BIPA's financial institution exception because the court could not conclude, at the pleading stage, that the defendant was a "financial institution" under BIPA. *Id.*, at *5-6. The court explained that it "require[d] further factfinding concerning [defendant's] lending activities." *Id.*, at *5. Here, AWS does not argue that it is a financial institution itself. Rather, AWS demonstrated that John Hancock

---

[1] On April 4, 2022, AWS filed its opening brief in support of its motion to dismiss (D.I. 51, "AWS OB"). On May 18, 2022, Plaintiffs filed an opposition (D.I. 56, "Plaintiffs' Opp."). On June 8, 2022, AWS filed a reply brief (D.I., "AWS Reply").

1

is a financial institution, and that as such, AWS cannot be liable for providing services to John Hancock when John Hancock would not violate BIPA if it provided the exact same services itself. AWS OB, at 7-9; AWS Reply, at 2-4. *Fee* is irrelevant because it concerns whether the defendant itself is a financial institution, an argument Amazon has not made. *Fee*, 2022 WL 27918181, at *5.

Second, *Karling v. Samsara Inc.*, No. 22-cv-295, 2022 WL 2663513 (N.D. Ill. July 11, 2022) (Plaintiffs' 7/22 Notice, at 1-2) is also inapposite. In that case, the plaintiff—a truck driver—alleged that his biometric data was collected by the defendant's "dashcam," and the defendant then sold access to the results of the facial recognition to the plaintiff's employer. *Id.*, at *7. The court held the complaint sufficiently stated claims under Section 15(c) because the plaintiff alleged that the defendant "profited from the sale of [the plaintiff's] data," under Section 15(d), because the plaintiff alleged the defendant "operates cameras and software systems that provide his data to his employer." *Karling*, 2022 WL 2663513, *7. Here, Plaintiffs do not allege that AWS profited by selling their biometric data; they alleged only that AWS profited by selling more products generally. *See* AWS OB, at 15-16; AWS Reply, at 9-10. And Plaintiffs do not even identify any customers that allegedly received biometric information. AWS OB, at 16-17; AWS Reply, at 10.

Third, in *Mayhall v. Amazon Web Servs.*, No. 21-cv-1473, 2022 WL 2718091 (W.D. Wash. May 24, 2022) (Plaintiffs' 7/22 Notice, at 2), with acknowledged "skepticism," the court declined, "at this early stage," to grant the defendant's motion to dismiss. *Id.*, *3. Amazon respectfully submits that *Mayhall*—a report and recommendation from a magistrate judge with objections currently pending before the district court—was wrongly decided. In that case, however, the magistrate judge accepted as true the plaintiff's allegations that the defendant was directly involved in creating "avatars" based on biometric information for use in a video game—conduct that goes beyond anything alleged in this case.

Fourth, *Svoboda v. Amazon.com, Inc.*, No. 21-cv-5336 (N.D. Ill.) (Plaintiffs' 6/24 Notice, at 1) is irrelevant. In *Svoboda*, the plaintiff alleged that virtual try-on programs the plaintiff used while shopping on Amazon's website violated BIPA. The *Svoboda* court made clear that its ruling was based upon the allegations concerning the specific features of the specific technology at issue. D.I. 60-1, at 7:3-8.

Here, by contrast, Plaintiffs' allegations against AWS concern solely its provision of cloud services to non-party John Hancock. Accordingly, AWS has no relationship whatsoever with Plaintiffs. AWS OB, at 10-15; AWS Reply, at 4-8.

August 3, 2022

Beth Herrington (admitted *pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, IL  60606
(312) 324-1000
beth.herrington@morganlewis.com

Raechel Keay Kummer (admitted *pro hac vice*)
1111 Pennsylvania Avenue, NW
Washington, DC  20004-2541
(202) 739-3000
raechel.kummer@morganlewis.com

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Jody C. Barillare*
Jody C. Barillare (#5107)
1201 North Market Street, Suite 2201
Wilmington, DE  19801
(302) 574-3000
jody.barillare@morganlewis.com

*Attorneys for Defendant Amazon Web Services, Inc.*