IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>        Plaintiffs,<br><br>        v.<br><br>AMAZON WEB SERVICES, INC. and PINDROP SECURITY, INC.,<br><br>        Defendants. | C.A. No. 1:20-cv-01399-SB |

**DEFENDANT AMAZON WEB SERVICES, INC.'S RESPONSE
TO PLAINTIFFS' NOTICE OF SUBSEQUENT AUTHORITY**

    Plaintiffs submitted three trial court decisions they claim support their arguments in opposition to Amazon's motion to dismiss. D.I. 64. None of the decisions supports Plaintiffs' arguments.

    **_Rogers v. BNSF:_** Plaintiffs claim *Rogers v. BNSF*'s holding that "BIPA supports vicarious liability" is "contrary to Defendant AWS's argument that BIPA does not apply to third-party service providers." D.I. 64, at 1. Plaintiffs are wrong. In *Rogers*, the defendant argued that it could not be liable for BIPA violations committed by a separate company that operated biometric scanners to allow access to the defendant's railyards. *Rogers v. BNSF Railway Co.*, 2022 WL 4465737, at *2 (N.D. Ill. Sept. 26, 2022). The court held that BIPA liability can be imposed on a principal for the acts of an agent that collects biometric data on the principal's behalf. *Id.* Here, there is no allegation that AWS directed anyone to collect biometric data on AWS's behalf: in this case, John Hancock stands in the position of the defendant in *Rogers*, so the holding is inapposite.

    In any event, AWS did not argue that BIPA "does not apply to third party service providers" as a general principle; AWS argued that BIPA does not apply *on the facts alleged in this case* because

1

Plaintiffs do not plausibly allege that AWS (as a provider of cloud computing services) collected or possessed their biometric data.

***Harvey v. Resurrection University:*** The question in *Harvey* was whether a private university qualified as a "financial institution" under BIPA based on its participation in the U.S. Department of Education's Federal Student Loan program. *Harvey v. Resurrection Univ.*, 2022 WL 3716213, at *4 (N.D. Ill. Aug. 29, 2022). The district court held this was a factual question "best left for a later stage in the case." *Id.* This holding has nothing to do with AWS's argument that as a service provider to John Hancock, a GLBA-regulated financial institution, AWS cannot be liable under BIPA for the same conduct that would be immune from BIPA if conducted by John Hancock itself.

***Doe v. Apple Inc.:*** In this case, the Circuit Court of St. Clair County, Illinois incorrectly rejected the argument that Section 15(c) of BIPA requires the direct sale or transfer of biometric data. As Amazon explained in its motion to dismiss, Section 15(c)'s use of "otherwise profit" contemplates an entity receiving a pecuniary benefit in exchange for a person's biometric data. *See* D.I. 51, Ex. E, Ill. H.R. Tran. 2008 Reg. Sess. No. 276 at 112 (BIPA's legislative history showing legislature intended for Section 15(c) to "prohibit[ ] the *sale* of biometric information); *Vance v. Microsoft*, 534 F. Supp. 3d 1301, 1309 (W.D. Wash. 2021). No appellate authority has held otherwise.[1]

Furthermore, the *Doe* court cited the plaintiffs' allegations that their biometric data was "inextricably integrated into [Apple's] devices" because Apple "preinstalls with software that automatically, surreptitiously, and without a user's consent create a database of biometric data that cannot be disabled by the user." D.I. 64-1, at 7. There are no comparable allegations of inextricable

---

[1] Amazon notes that the *Doe* court relied heavily on *Vance v. Amazon.com, Inc.*, 534 F. Supp. 3d 1314 (W.D. Wash. 2021) in refusing to dismiss the plaintiff's Section 15(c) claim. The *Vance* court recently granted summary judgment in favor of Amazon on all the plaintiffs' BIPA claims. *Vance v. Amazon.com, Inc.*, 2022 WL 12306231 (W.D. Wash. Oct. 17, 2022).

integration in this case: Plaintiffs claim merely that AWS "enhanced sales" of Amazon Connect by including biometrics. D.I. 56, at 23. That is insufficient under Section 15(c).

| | |
|---|---|
| November 8, 2022 | **MORGAN, LEWIS & BOCKIUS LLP** |
| Beth Herrington (*pro hac vice*)<br>77 West Wacker Drive, Suite 500<br>Chicago, IL  60601<br>(312) 324-1000<br>beth.herrington@morganlewis.com | */s/ Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 North Market Street, Suite 2201<br>Wilmington, DE  19801<br>(302) 574-3000<br>jody.barillare@morganlewis.com |
| Raechel Keay Kummer (*pro hac vice*)<br>1111 Pennsylvania Avenue, NW<br>Washington, DC  20004-2541<br>(202) 739-3000<br>raechel.kummer@morganlewis.com | *Attorneys for Defendant Amazon Web Services, Inc.* |