**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

CHRISTINE MCGOVERAN; JOSEPH
VALENTINE; and AMELIA RODRIGUEZ,

        *Plaintiffs,*

             v.

AMAZON WEB SERVICES, INC.,

        *Defendant.*

C.A. No. 20-cv-01339-SB

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR JUDGMENT
ON THE PLEADINGS**

Jody C. Barillare (#5107)
Morgan Lewis & Bockius LLP
1201 North Market Street, Suite 2201
Wilmington, DE  19801
(302) 574-3000
jody.barillare@morganlewis.com

Beth Herrington (*pro hac vice*)
Morgan Lewis & Bockius LLP
110 North Wacker Drive
Chicago, IL  60606
(312) 324-1000
beth.herrington@morganlewis.com

Ari Selman (*pro hac vice*)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(202) 309-6168
ari.selman@morganlewis.com

Jordan McCrary (*pro hac vice*)
Morgan Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
(213) 680-6768
jordan.mccrary@morganlewis.com

*Counsel for Defendant Amazon Web
Services, Inc.*

Dated:  July 29, 2024

## **TABLE OF CONTENTS**

BACKGROUND ........................................................................................................ 2

I.     THE ILLINOIS ACTIONS............................................................................. 2

II.    THE DELAWARE ACTION AND FIRST DISMISSAL ORDER .................................. 3

III.   THE SECOND DISMISSAL ORDER ............................................................... 3

IV.   THE SECOND AMENDED COMPLAINT ........................................................ 5

V.    THE SCHEDULING ORDER......................................................................... 5

ARGUMENT ........................................................................................................... 6

I.     PLAINTIFFS FAIL TO ALLEGE A CLAIM UNDER SECTION 15(D)....................... 6

II.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND............................ 8

III.   PLAINTIFFS' COUNTER-ARGUMENTS FAIL ............................................. 13

CONCLUSION ...................................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).................................................................................2, 12

*Barber v. Sharp*,
  2011 WL 2223651 (D.N.J. June 2, 2011) .................................................10

*Bell v. KA Indus. Servs., LLC*,
  567 F. Supp. 2d 701 (D.N.J. 2008) ...........................................................12

*Brown v. Coupe*,
  2017 WL 1137466 (D. Del. Mar. 27, 2017) ..............................................12

*Brown v. LM Gen. Ins. Co.*,
  2021 WL 3809075, at *3 (E.D. Pa. Aug. 26, 2021).....................................11

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*,
  394 F.3d 126 (3d Cir. 2004)................................................................10, 13

*Re Cameron Bayonne Urb. Renewal, LLC v. Langan Eng'g & Env't Servs., Inc.*,
  2018 WL 11240504 (D.N.J. Jan. 12, 2018) ...............................................11

*Clemons v. New Castle Cnty.*,
  2021 WL 1380597 (D. Del. Apr. 12, 2021).................................................10

*CP Kelco U.S., Inc. v. Pharmacia Corp.*,
  2002 WL 31230812 (D. Del. Sept. 19, 2002) ...........................................6, 8

*Enigwe v. Gainey*,
  2012 WL 213510 (E.D. Pa. Jan. 23, 2012) ................................................11

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280 (2005)....................................................................................15

*Graham v. Main*,
  2011 WL 2412998 (D.N.J. June 9, 2011) ..................................................10

*Grayson v. Mayview State Hosp.*,
  293 F.3d 103 (3d Cir. 2002)........................................................................8

*Gross v. Stryker Corp.*,
  858 F. Supp. 2d 466 (W.D. Pa. 2012) ........................................................12

*Hamilton v. Leavy,*
322 F.3d 776 (3d Cir. 2003)..............................................................................5

*Hassel v. Centric Bank,*
No. 19-02081, 2021 WL 84281, at *2-3 (M.D. Pa. Jan. 11, 2021) ...........................6

*Holmes v. Reilly,*
2012 WL 528562 (E.D. Pa. Feb. 16, 2012) ...........................................................8

*Ion Wave Techs., Inc. v. SciQuest, Inc.,*
21 F. Supp. 3d 376 (D. Del. 2014)......................................................................6

*Jean-Pierre v. Schwers,*
682 F. App'x 145 (3d Cir. 2017) ...............................................................10, 13

*Jones v. Unknown D.O.C. Bus Driver & Transp. Crew,*
944 F.3d 478 (3d Cir. 2019)............................................................................11

*Klein v. Met Ed,*
822 F. App'x 55 (3d Cir. 2020) ........................................................................9

*Koller v. Riley Riper Hollin & Colagreco,*
850 F. Supp. 2d 502 (E.D. Pa. 2012) ................................................................13

*Love v. Alfacell Corp.,*
2011 WL 4915874 (D.N.J. Oct. 17, 2011).........................................................11

*Lundbeck v. Apotex Inc.,*
2020 WL 3507795 (D. Del. June 26, 2020)..........................................................8

*Mayer v. Belichick,*
605 F.3d 223 (3d Cir. 2010).............................................................................6

*McGoveran v. Amazon Web Servs., Inc.,*
488 F. Supp. 3d 714 (S.D. Ill. 2020)...................................................................3

*McGoveran v. Amazon Web Servs., Inc.,*
No. 20-00031-NJR (S.D. Ill. Mar. 2, 2020), (Dkt. 49) ..........................................2

*Moco Investments, Inc. v. United States,*
No. 08–1972, 362 Fed. App'x 305, 2010 WL 286550 (3d Cir. Jan. 26, 2010) ........6

*Moriarty v. DiBuonaventura,*
2015 WL 1469515 (D.N.J. Mar. 30, 2015).........................................................10

*Nationwide Mut. Fire Ins. Co. v. Malofiy,*
No. 10-2410, 2011 WL 1050050 (E.D. Pa. Mar. 22, 2011) ...................................6

*Pruden v. SCI Camp Hill,*
    252 F. App'x 436 (3d Cir. 2007) .............................................................8

*Shapiro v. UJB Fin. Corp.,*
    964 F.2d 272 (3d Cir. 1992) ....................................................................8

*Simmons v. Pierce,*
    803 F. App'x 669 (3d Cir. 2020) ........................................................5, 14

*Thomas-Fish v. Avborne Accessory Grp., Inc.,*
    2019 WL 3281273 (D. Del. July 19, 2019) ........................................10, 12

*Timmons v. Linvatec Corp.,*
    263 F.R.D. 582 (C.D. Cal. 2010) ...........................................................12

*Valentin v. Wysock,*
    2023 WL 2018787 (D. Del. Feb. 15, 2023) ............................................11

*In re Westinghouse Sec. Litig.,*
    90 F.3d 696 (3d Cir. 1996) ......................................................................9

*Whitmore v. Nat'l R.R. Passenger Corp.,*
    2019 WL 12323597 (E.D. Pa. Aug. 19, 2019) ........................................11

*Williams v. First Corr. Med.,*
    2004 WL 2434307, at *4 (D. Del. Oct. 13, 2004) ....................................8

**Statutes**

740 ILCS 14/15(d) ...................................................................... *passim*

**Rules**

Fed. R. Civ. P. 8 ...................................................................................12

Fed. R. Civ. P. 8(a) ............................................................................2, 12

Fed R. Civ. P. 11(b) ..............................................................................12

Fed. R. Civ. P. 12(b)(1) .........................................................................14

Fed. R. Civ. P. 12(b)(2) ........................................................................2, 3

Fed. R. Civ. P. 12(b)(6) ..............................................................2, 4, 6, 14

Fed. R. Civ. P. 12(c) ...........................................................................6, 8

On April 10, 2024, Plaintiffs filed a Second Amended Complaint ("SAC") realleging, *inter alia*, a claim against AWS for violations of Section 15(d) of BIPA.  The SAC adds 18 paragraphs of allegations as to nine new Plaintiffs and expressly incorporates those new allegations, in turn, in their claim under Section 15(d) (Count IV).  These new averments, however, fail to state a claim on the same grounds this Court identified when it dismissed Plaintiffs' Section 15(d) claim more than one year ago: namely, Plaintiffs merely allege that AWS disclosed "voice audio"—not voiceprints—and fail to allege AWS disseminated data to *anyone* other than AWS's own customers.  D.I. 74 at 22-23.  In point of fact, the new averments in the SAC allege two facts only: that the nine new Plaintiffs reside in Illinois and called John Hancock.  This is insufficient to state a claim under Section 15(d), which requires allegations that AWS "disclosed, redisclosed, or otherwise disseminated their biometric identifiers or biometric information."  *Id*.

Several additional considerations also support entry of judgment for AWS on Plaintiffs' Section 15(d) claim.  First*,* despite the passage of more than one year, and despite this Court's and AWS's prior identification of specific pleading defects requiring resolution, the SAC fails to cure *any* of the deficiencies that the Court previously identified.  Second, Plaintiffs have had multiple opportunities to state a claim under Section 15(d)—without success.  Any further amended pleading filed would represent Plaintiffs' *fourth* bite at the apple.  Further, any such amendment would occur *more than 10 months* after the September 15, 2023 amendment deadline prescribed in the Scheduling Order.  D.I. 81, ¶ 3.  Courts routinely dismiss claims with prejudice after just two bites at the apple—even where amendment would be timely, which it is not here.

Third, further amendment would be futile because Plaintiffs had the opportunity to add allegations in the SAC *after* Defendant completed its final document production in late February, and *after* discovery closed on March 15, 2024—but the SAC nonetheless continues to fail to state

a claim.  Plaintiffs have not identified any facts that cure the pleading defects that this Court previously identified, as such facts do not exist.  To the extent Plaintiffs contend they need yet more discovery to state a claim, Plaintiffs have it backwards. Fed. R. Civ. P. 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  And, in any event, discovery is closed.

Fourth, permitting further amendments now would be highly prejudicial to AWS because: the Court dismissed Plaintiffs' Section 15(d) claim more than a year ago (D.I. 74); the deadline to amend expired on September 15, 2023 (D.I. 81, ¶ 3); and discovery closed more than four months ago.  D.I. 81, ¶ 4(a); D.I. 206.  Thus, Defendant is entitled to judgment on Plaintiffs' Section 15(d) claim.

## BACKGROUND

AWS has repeatedly apprised Plaintiffs of specific deficiencies in their Section 15(d) claim in several prior submissions.  So has this Court.  Despite numerous opportunities, Plaintiffs have not alleged facts sufficient to state a Section 15(d) claim.

### I.    The Illinois Actions

On December 17, 2019, Plaintiffs sued AWS in Illinois state court, alleging violations of BIPA.  Following removal to the U.S. District Court for the Southern District of Illinois, AWS moved to dismiss the case on multiple grounds, including Plaintiffs' failure to state a claim under Fed. R. Civ. P. 12(b)(6) and lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Of specific relevance to this motion (the "Motion"), AWS argued that Plaintiffs' Section 15(d) claim should be dismissed because Plaintiffs "fail to allege what biometric identifiers and information AWS allegedly disclosed, redisclosed, and/or disseminated or how or to whom AWS allegedly disclosed said biometric identifiers and information."  *McGoveran v. Amazon Web Servs., Inc.*, No. 20-

00031-NJR (S.D. Ill. Mar. 2, 2020), at 15 (Dkt. 49).  On September 18, 2020, the Illinois District Court dismissed Plaintiffs' claims against AWS for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  *McGoveran v. Amazon Web Servs., Inc.*, 488 F. Supp. 3d 714 (S.D. Ill. 2020).

## II.    The Delaware Action and First Dismissal Order

On October 16, 2020, Plaintiffs refiled their case in this Court.  D.I. 1.  AWS moved to dismiss on multiple grounds, including based on the extra-territoriality doctrine, and that "Plaintiffs' conclusory allegations that both Defendants disclosed Plaintiffs' biometric information are insufficient to state a claim" under Section 15(d) of BIPA.  D.I. 16 at 19-20.  This Court then dismissed Plaintiffs' claims under Sections 15(a), (b), (c), and (d) because "the complaint is devoid of any allegations involving conduct that occurred 'primarily and substantially' in Illinois."  D.I. 34 at 12 ("Dismissal Order I").  The Court, however, granted Plaintiffs' request for leave to amend to allege additional facts concerning the connection between this case and Illinois.  *Id.*

On February 17, 2022, Plaintiffs filed their First Amended Complaint ("FAC").  D.I. 47. Defendant moved to dismiss the FAC on multiple grounds—including, again, that Plaintiffs failed to state a claim under Section 15(d) because: (i) "Plaintiffs fail to allege what biometric information AWS allegedly disclosed or how AWS allegedly disclosed it"; and (ii) "as Plaintiffs admit in the FAC, AWS did not disseminate information to John Hancock as a third party; rather, AWS allegedly processed and stored Plaintiffs' biometric information *at John Hancock's request as John Hancock's cloud-services provider*."  D.I. 51 at 16-17 (emphasis in original).

## III.    The Second Dismissal Order

On March 29, 2023, this Court again dismissed Plaintiffs' claims under Sections 15(a), (c), and (d) of BIPA.  D.I. 74 at 22-23 ("Dismissal Order II").  Although Plaintiffs asserted that AWS "shared their biometric information in violation of Section 15(d)," the Court concluded that the Complaint "does not allege facts supporting this claim."  *Id.* at 22.   The Court stressed that, to

state a claim under Section 15(d), Plaintiff must allege that AWS "disclosed, redisclosed, or otherwise disseminated their biometric identifiers or biometric information." *Id*. Mere dissemination of "voice audio" is insufficient. *Id*. The Court further found that Plaintiffs were required—but failed—to allege facts establishing that AWS disseminated a "voiceprint" or "information derived from a voiceprint." *Id*. at 23.

Additionally, the Court concluded that Plaintiffs failed to establish that AWS disseminated voiceprints to *anyone*, a threshold requirement to state a claim under Section 15(d). Instead, Plaintiffs merely alleged that AWS shared voice audio with *AWS customers* like John Hancock. The Court reasoned,

> Plaintiffs also say they alleged that Amazon shared their biometric identifiers and information with John Hancock and other end users of Amazon Connect. *Id*. at 19–20 (citing D.I. 47 ¶¶ 71–74, 77, 80, 84–86, 90, 123, 132). But the Complaint nowhere alleges that Amazon shared plaintiffs' voiceprints, or that it shared any information based on voiceprints that could be used to identify them. The portions of the Complaint that plaintiffs cite refer only to Amazon's processes for authenticating callers on behalf of Amazon Connect customers like John Hancock. Although Amazon may have used plaintiffs' biometric identifiers and information to perform its own authentication services, the Complaint says only that Amazon communicated to its customers that plaintiffs were in fact who they said they were. It does not imply that Amazon shared their sensitive biometric data with anyone.

*Id*. at 23. The Court thus held that "Count IV fails" under Fed. R. Civ. P. 12(b)(6). *Id*. at 23.

The Court explained that its ruling constituted the Court's "first opinion to evaluate Count IV on the merits." D.I. 74 at 24 (emphasis added). Accordingly, the Court afforded Plaintiffs yet another opportunity to amend their pleadings to try to state a claim under Section 15(d). *Id*. at 24 ("I will not require a motion for leave to amend against Amazon."). The Court did not authorize Plaintiffs to reassert the same claim against AWS in a different court.

Following the Court's ruling on March 29, 2023, Plaintiffs neither amended their pleadings by the September 15, 2023, deadline prescribed in the Scheduling Order (D.I. 81, ¶ 3), nor sought reconsideration of Dismissal Order II. Accordingly, Dismissal Order II now constitutes the law

of the case and governs resolution of this Motion, including whether the SAC adequately alleges a claim under Section 15(d). *See Hamilton v. Leavy*, 322 F.3d 776, 786–87 (3d Cir. 2003) (cleaned up) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in an earlier stage of the same litigation" and "promote[s] finality, consistency, and judicial economy.").

## IV.    The Second Amended Complaint

More than one year after the Court's March 29, 2023 ruling, and nearly one month after discovery closed on March 15, 2024, Plaintiffs filed the SAC on April 9, 2024, expressly realleging a claim under Section 15(d). *See* SAC ¶¶ 45, 105-106, 220-25. The SAC supersedes Plaintiffs' prior dismissed pleading and constitutes the operative complaint. *Simmons v. Pierce*, 803 F. App'x 669 n.1 (3d Cir. 2020). Accordingly, Plaintiffs' Section 15(d) claim is now pending before this Court.

In the SAC, Plaintiffs added 18 paragraphs of new allegations. *See id.* ¶¶ 9-17, 119-19. Plaintiffs expressly incorporated those new allegations in their Section 15(d) claim (Count IV). *See id.* ¶ 220. Plaintiffs aver that this Court "has diversity subject matter jurisdiction" to adjudicate their claims under BIPA, including their Section 15(d) claim. SAC ¶¶ 24, 220-25. The SAC's new allegations fail to remedy the pleading defects previously identified by this Court and AWS. Instead, they merely set forth perfunctory allegations as to the nine new Plaintiffs similar to those included for the three original Plaintiffs. AWS filed its Answer on April 22, 2024. D.I. 180.

## V.    The Scheduling Order

Under the operative Scheduling Order, the deadline for Plaintiffs to amend their pleadings expired more than nine months ago on September 15, 2023 (D.I. 81, ¶ 3), and fact discovery closed on March 15, 2024. *Id.*, ¶ 4(a). On July 19, 2024, the Court denied Plaintiffs' request to reopen fact discovery. D.I. 206.

## ARGUMENT

Identical legal standards govern a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Ion Wave Techs., Inc. v. SciQuest, Inc.*, 21 F. Supp. 3d 376, 378–79 (D. Del. 2014).  In evaluating a motion under Rule 12(c), the Court accepts as true "well-ple[d] factual allegations" and determines whether they plausibly give rise to an entitlement to relief.  "[C]onclusory allegations or statements of law" are insufficient. *CP Kelco U.S., Inc. v. Pharmacia Corp.*, 2002 WL 31230812, at *2 (D. Del. Sept. 19, 2002).

When ruling on a motion for judgment on the pleadings, a court "must consider only those documents contained in the pleadings." *Nationwide Mut. Fire Ins. Co. v. Malofiy*, 2011 WL 1050050, at *5 (E.D. Pa. Mar. 22, 2011) (citing *Moco Investments, Inc. v. United States*, No. 08–1972, 362 Fed. App'x 305, 307, 2010 WL 286550, at *1 n. 4 (3d Cir. Jan. 26, 2010)); *Hassel v. Centric Bank*, No. 19-02081, 2021 WL 84281, at *2-3 (M.D. Pa. Jan. 11, 2021)  (refusing to consider extrinsic evidence offered because "a court may only consider 'the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents") (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).  Finally, the court may "draw on its judicial experience and common sense" to resolve a Rule 12(c) motion.  *Ion Wave Techs., Inc.*, 21 F. Supp. 3d at 378-79.

## I.   PLAINTIFFS FAIL TO ALLEGE A CLAIM UNDER SECTION 15(D).

AWS is entitled to judgment on the pleadings on Plaintiffs' Section 15(d) claim because the SAC fails to cure two overarching defects identified by the Court in Plaintiffs' prior pleading.

First, Plaintiffs' new averments do nothing to address the deficiency that the Court identified in the FAC: the absence of *any* well-pled allegations that AWS "disclosed, redisclosed, or otherwise disseminated [Plaintiffs'] biometric identifiers or biometric information."  D.I. 74 at 22-23.  The SAC, like the FAC, merely alleges AWS disclosed "voice audio."  SAC ¶¶ 80-82, 89,

124,149; D.I. 166-3, ¶¶ 9-17, 111-19 (redline reflecting few modifications to the FAC made in the SAC, none of which establish an unlawful disclosure by AWS). This Court has twice held that this is insufficient: "voice audio alone is neither a biometric identifier (a voiceprint) nor biometric information (information derived from a voiceprint)." D.I. 74 at 23; *see* D.I. 34 at 7 ("[V]oice audio is not the same as a voiceprint, and voice audio does not meet the definition of 'biometric identifier' or 'biometric information' under BIPA").

Second, the SAC, like the FAC, is devoid of any allegation that AWS disclosed Plaintiffs' biometric identifiers or biometric information to *anyone*—an independent, fatal pleading defect this Court previously identified. D.I. 74 at 22-23. Indeed, the SAC merely duplicates allegations in the FAC that AWS shared Plaintiffs' voice audio with Amazon Connect customers. *See* D.I. 166-3, ¶¶ 105, 162, 175-77; *id*. ¶¶ 9-17, 111-19 (redline reflecting few modifications to the FAC made in the SAC, none of which establish an unlawful disclosure of biometric information by AWS to anyone). This is insufficient. As this Court previously explained, these alleged disclosures "refer only to Amazon's processes for authenticating callers on behalf of Amazon Connect customers like John Hancock." D.I. 74 at 23; *see supra* at 3-4. The letter and logic of the prior Dismissal Order thus forecloses Plaintiffs' Section 15(d) claim.

Rather than allege that AWS disclosed biometric information to any third parties, as required to state a Section 15(d) claim, the new paragraphs in the SAC allege two facts only: that the nine new Plaintiffs reside in Illinois (SAC ¶¶ 9-17) and called John Hancock. *Id*. ¶¶ 111-19. Plaintiffs still fail to allege that AWS ***disseminated*** Plaintiffs' biometric identifiers or biometric information to ***anyone***—the pleading defect that this Court previously identified. D.I. 74 at 22-23.

For the foregoing reasons, Plaintiffs do not contest the merits of AWS's Motion in their

pre-motion letter brief.  *See* D.I. 207.  Plaintiffs do not argue that their amended pleadings cure any of the pleading defects the Court previously identified.  Instead, Plaintiffs acknowledge the *opposite* is true.  *See id.* at 1 ("Plaintiffs made no revisions to the[ir] substantive claims").

Plaintiffs' failure to plead essential elements of their Section 15(d) claim requires entry of judgment for AWS under Rule 12(c).  *See, e.g.*, *CP Kelco U.S., Inc.,* 2002 WL 31230812, at *6 (granting Rule 12(c) motion because, "[a]ccepting the truth of the facts alleged in the pleadings, as must occur on a Rule 12(c) motion for judgment on the pleadings, leads to the conclusion that Pharmacia has not stated a claim for contribution"); *Williams v. First Corr. Med.*, 2004 WL 2434307, at *4 (D. Del. Oct. 13, 2004) (granting Rule 12(c) motion because "the allegations of the complaint, even when viewed in a light most favorable to plaintiff, fall short of supporting a § 1983 claim against defendant"); *Lundbeck v. Apotex Inc*., 2020 WL 3507795, at *6 (D. Del. June 26, 2020) (granting Rule 12(c) motion because "no relief could be afforded under any set of facts that could be proved[.]").

## II.    PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND.

Plaintiffs should not be granted leave to replead their Section 15(d) claim because amendment would be futile, for a host of reasons.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

*First*, after the Court dismissed Plaintiffs' Section 15(d) claim with leave to amend on March 28, 2023 (D.I. 74), Plaintiffs never timely amended; instead, they permitted the amendment deadline to expire on September 15, 2023.  *See supra* at 5.  "[A] plaintiff's failure to amend in the time period prescribed by the Court effectively renders the case dismissed with prejudice." *Holmes v. Reilly*, 2012 WL 528562, at *2 (E.D. Pa. Feb. 16, 2012) (citing *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 278 (3d Cir. 1992)); *see, e.g.*, *Pruden v. SCI Camp Hill*, 252 F. App'x 436, 438 (3d Cir. 2007) (affirming dismissal with prejudice where plaintiff failed timely to amend complaint

following dismissal without prejudice); *Klein v. Met Ed*, 822 F. App'x 55, 56 (3d Cir. 2020) (affirming dismissal with prejudice where "[t]he deadline for amendment nevertheless passed without a new pleading" following dismissal without prejudice); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 704 (3d Cir. 1996) (affirming "[t]he dismissal with prejudice that followed plaintiffs' decision not to amend").

Rather than timely amend their pleadings in this proceeding, as the Court directed (D.I. 74 at 24), Plaintiffs attempted to *undo* this Court's ruling, by reasserting the same claim, against the same Defendant (AWS), based on the same basic factual allegations, in a *different* court, which Plaintiffs hoped would be more receptive to their arguments.  *Compare* Ex. 1, ¶¶ 169-174 (attached) *with* D.I. 47 ¶¶ 202-207.  Plaintiffs' subsequent refiling of the same claim in Illinois state court, following this Court's adverse decision, constitutes an improper collateral attack on this Court's prior ruling (D.I. 74 at 24)—*not* vice versa, as Plaintiffs posit in their pre-motion letter response.  D.I. 207 at 2.  Indeed, the collateral estoppel doctrine Plaintiffs attempt to invoke applies with particular force to *Plaintiffs'* effort to undo this Court's decision—the earlier-in-time ruling. *See* D.I. 207 at 2-3.

Plaintiffs' flagrant forum shopping, if permitted, would have severe consequences.  If Plaintiffs' tactics were condoned, nothing would prevent a party from filing the same claim in successive suits in multiple courts, until they found one amenable to their claims.  That is exactly what Plaintiffs attempt to do here.  Such maneuvers, however, waste judicial and party resources and risk inconsistent adjudication of the same issues—dangers highlighted in Plaintiffs' own cited cases.  *See* D.I. 207 at 3 (citing abstention doctrines).

*Second*, this Court also should deny Plaintiffs' leave to amend because it previously provided Plaintiffs with a blueprint of specific pleading defects in their FAC, and specific facts

Plaintiffs were required to plead to address them. *See* D.I. 74 at 22-23. AWS also highlighted these same deficiencies in *three* prior motions to dismiss. *See supra* at 2-3. Nonetheless, Plaintiffs failed to "amend[] in any meaningful way to address the deficiencies" identified by AWS or the Court. *Jean-Pierre v. Schwers*, 682 F. App'x 145, 148 (3d Cir. 2017). Instead, Plaintiffs merely duplicated the allegations made in the FAC. *See supra* at 5. This is insufficient. *See Graham v. Main*, 2011 WL 2412998, at *24 (D.N.J. June 9, 2011) (denying "yet another bite at the apple" after plaintiff filed "repetitive" claim); *Barber v. Sharp*, 2011 WL 2223651, at *7 (D.N.J. June 2, 2011) (denying plaintiff a third bite at the apple where plaintiff "relied on the same factual allegations as asserted previously, which were dismissed without prejudice").

Where, as here, plaintiffs do nothing to address specific pleading defects the court identified, courts routinely deem further amendment to be futile. *See, e.g., California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004) (affirming dismissal with prejudice because district court's prior dismissal order "provided Plaintiffs with a detailed blueprint of how to remedy the defects in their claims," yet Plaintiffs "neglected to make even a single adjustment to the Amended Complaint" and, instead, "regurgitated the exact same" allegation that the district court "had already rejected as insufficient"); *Clemons v. New Castle Cnty.*, 2021 WL 1380597, at *5, 8 (D. Del. Apr. 12, 2021) (dismissing with prejudice after "Plaintiff's third bite at the apple," because the court's prior opinion "indicated the nature of the facts Plaintiff needed to plead to survive a motion to dismiss"); *Thomas-Fish v. Avborne Accessory Grp., Inc.*, 2019 WL 3281273, at *5 (D. Del. July 19, 2019) (cleaned up) (deeming "further leave to amend would be futile" because "[t]he First Amended Complaint retains the deficiencies previously identified by the court"); *Moriarty v. DiBuonaventura*, 2015 WL 1469515, at *4 (D.N.J. Mar. 30, 2015) (dismissing with prejudice because amended pleading "fails to cure the deficiencies

of the original Complaint," which the Court identified and "gave Plaintiff an opportunity to cure").

*Third*, Plaintiffs "had multiple opportunities to state a claim" under Section 15(d) but "failed to do so." *Valentin v. Wysock*, 2023 WL 2018787, at *2 (D. Del. Feb. 15, 2023). Any further amended pleading would constitute Plaintiffs' *fourth* bite at the apple. Dismissal with prejudice after a second bite, however, is routine in this Circuit. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment futile when litigant "already had two chances to tell his story"); *Brown v. LM Gen. Ins. Co.*, 2021 WL 3809075, at *3 (E.D. Pa. Aug. 26, 2021) (dismissing with prejudice because Court "previously granted Ms. Brown leave to address the deficiencies in her initial complaint," but her "second bite at the apple also has not offered sufficient factual allegations"); *Whitmore v. Nat'l R.R. Passenger Corp.*, 2019 WL 12323597, at *1 n.1 (E.D. Pa. Aug. 19, 2019) (dismissing with prejudice because Plaintiff "has already been given a second bite at the apple on this claim" but "still failed to plead sufficient factual allegations"); *Re Cameron Bayonne Urb. Renewal, LLC v. Langan Eng'g & Env't Servs., Inc.*, 2018 WL 11240504, at *4 (D.N.J. Jan. 12, 2018) (dismissing counterclaim with prejudice "[b]ecause this is Langan's second bite at the apple").

*Fourth*, any further proposed amendments would be futile because Plaintiffs had the opportunity to amend their pleadings *after* Defendant completed its final document production in late February, and *after* discovery closed on March 15, 2024. Although Plaintiffs drafted the SAC with the benefit of that discovery, the SAC filed on April 10, 2024, still fails to state a claim under Section 15(d). *See Love v. Alfacell Corp.*, 2011 WL 4915874, at *13 (D.N.J. Oct. 17, 2011) (concluding third "bite at the apple would be fruitless" because plaintiff "already included all of the facts available to support his claims" and "has already amended his Complaint once"); *Enigwe v. Gainey*, 2012 WL 213510, at *4 (E.D. Pa. Jan. 23, 2012) (denying plaintiff "a third bite at the

apple" because if "further factual enhancement" existed to support claims, "it would have surfaced by now-particularly as he was on notice of the pleading problems of the Amended Complaint after it was dismissed for failure to state a claim"); *Bell v. KA Indus. Servs., LLC*, 567 F. Supp. 2d 701, 711 (D.N.J. 2008) (denying "a second bite at the amendment apple" because plaintiff "already had an opportunity to remedy asserted deficiencies in his Amended Complaint, but he did not").

*Fifth*, to the extent Plaintiffs contend they need *yet more* discovery to state a viable claim, Plaintiffs have it backwards. Fed. R. Civ. P. 8(a) "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. Even if the discovery period were still open—which it is not (*see* D.I. 206)—the law does not entitle Plaintiffs to discovery to bolster otherwise deficient pleadings or to defeat a motion to dismiss. *See Brown v. Coupe*, 2017 WL 1137466, at *4 (D. Del. Mar. 27, 2017) ("Nor is Plaintiff entitled to discovery in order to overcome a motion to dismiss."); *Thomas-Fish v. Avborne Accessory Grp., Inc.*, 2019 WL 3281273, at *5 (D. Del. July 19, 2019), *report and recommendation adopted sub nom. Thomas-Fish v. Avborne Accessory Grp.*, 2019 WL 3574205 (D. Del. Aug. 6, 2019) (denying discovery to bolster deficient complaint and dismissing complaint with prejudice); *see, e.g., Gross v. Stryker Corp.*, 858 F. Supp. 2d 466, 504 (W.D. Pa. 2012) ("[T]he Court finds Plaintiff's request for discovery to be inapposite to Rule 8 and Rule 11(b) of the Federal Rules of Civil Procedure[.]"); *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 585 (C.D. Cal. 2010) ("[A] plaintiff who fails to meet the pleading requirements of Rule 8 is not entitled to conduct discovery with the hope that it might then permit [him] to state a claim.").

*Sixth*, Plaintiffs have not identified any specific facts that cure the defects this Court previously identified and that continue to doom the SAC. *See* D.I. 207. Indeed, in their pre-motion letter response, Plaintiffs do not even *try* to—much less successfully—identify facts sufficient to

address the pleading defects this Court previously identified.  *Id*.   This failure precludes amendment.  *See, e.g*., *Chubb Corp*., 394 F.3d at 165 (dismissing claims with prejudice because plaintiffs fail to "propose additional amendments that would remedy the pleading deficiencies of the Second Amended Complaint"); *Jean-Pierre,* 682 F. App'x  at 148 (if Plaintiffs "had knowledge of facts that would cure the defects in [their] complaint, [they] should have asserted them before now"); *Koller v. Riley Riper Hollin & Colagreco*, 850 F. Supp. 2d 502, 515 n.10 (E.D. Pa. 2012) (denying a "third bite" at the apple because, "[d]espite a previous opportunity to amend, Plaintiff has failed to provide any supplemental averments in his Amended Complaint, which could sustain this claim" and failed  to "attach a proposed Second Amended Complaint").

     *Seventh*, permitting further amendments now would be highly prejudicial to AWS.  The Court previously dismissed Plaintiffs' Section 15(d) claim more than a year ago (D.I. 74), and the deadline to amend expired on September 15, 2023.   D.I. 81, ¶ 3.   Further, discovery closed more than four months ago.    D.I. 81, ¶ 4(a); D.I. 206.  Plaintiffs cannot establish the requisite good cause to amend their pleadings at this late date, more than 10 months after the amendment deadline. D.I. 81, ¶ 3.   With good reason: Plaintiffs could have pled in their SAC any facts they might possibly propose to plead now to avoid dismissal.  Permitting Plaintiffs a fourth bite at the apple to try to state a Section 15(d) claim would "require defendant[] to defend the action, and to ultimately incur the effort and expense of a third motion to dismiss after two successful dismissal motions"—and thus "clearly constitute undue prejudice to the defendant[]." *Chubb Corp*., 394 F.3d at 163.  Dismissing Plaintiffs' Section 15(b) claim without prejudice now—after Defendant has expended time and money preparing its Answer and two pre-motion submissions and briefing this Motion—would be highly inequitable.

## III.    PLAINTIFFS' COUNTER-ARGUMENTS FAIL

     In their pre-motion letter (D.I. 207), Plaintiffs advance several arguments, none of which

has merit.  Plaintiffs' core contention—that their Section 15(d) claim "is no longer pending in this Court" (D.I. 207 at 1)—is demonstrably false and belied by *their own pleadings*, expressly re-asserting such claim.  *See* SAC ¶¶ 45, 105-106, 220-25.  Having re-pled their Section 15(d) claim in their current operative complaint in this proceeding—and even added averments to try to bolster that claim (*see* D.I 198 at 1)—Plaintiffs' Section 15(d) claim is undisputedly "pending in this Court."  And while Plaintiffs correctly note that their Section 15(d) claim was "dismissed by this Court" last March (D.I. 207 at 2), that prior dismissal does not preclude this Court's jurisdiction, because Plaintiffs *subsequently reasserted* their Section 15(d) claim in the SAC they then filed in April.  *Id.* (noting Plaintiffs received "leave to replead").  As the SAC supersedes Plaintiffs' prior dismissed pleading and constitutes the operative complaint, Plaintiffs' Section 15(d) claim is now pending in this Court, *Pierce*, 803 F. App'x at 669 n.1, and AWS is entitled to its adjudication.

Plaintiffs also question "why, or on what basis, this Court may re-exercise jurisdiction over its dismissed claim."  D.I. 207 at 2.  The answer is clear.  As Plaintiffs note, this Court: (i) previously confirmed its exercise of jurisdiction over Plaintiffs' Section 15(d) claim was proper, (ii) dismissed such claim with "leave to replead" (D.I. 207 at 2; D.I. 74 at 24), and (iii) never relinquished its jurisdiction to decide any claim Plaintiffs subsequently re-pled. D.I. 74 at 22-24. Thereafter, *Plaintiffs* elected to refile their Section 15(d) claim in this proceeding and, to eliminate any doubt, specifically confirmed this Court "has diversity subject matter jurisdiction" over such claim.  SAC ¶¶ 24, 220-25.[1]  Having *themselves* invoked this Court's jurisdiction, Plaintiffs'

---

[1] The *Tully* case Plaintiffs cite in their pre-motion letter is inapposite.  D.I. 207 at 2.  That case addressed the court's exercise of pendent jurisdiction over claims as to which the court otherwise lacked jurisdiction.  Here, however, diversity jurisdiction exists over Plaintiffs' Section 15(d) claims. *See* SAC ¶ 24.  Moreover, this Court dismissed Plaintiffs' Section 15(d) for failure to state a claim under Fed. R. Civ. P. 12(b)(6), and *not* under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction or lack of Article III standing.  D.I. 74 at 22-24.

present, attempted disavowal thereof flatly contradicts the position set forth in their own pleadings.

Moreover, the abstention doctrines Plaintiffs invoke (D.I. 207 at 3) typically involve matters where a plaintiff and defendant bring concurrent, parallel actions.  That's not the case here.  Instead, it is *Plaintiffs* who chose to assert the same claim in successive actions in multiple courts to maximize their overall odds of success.  Such gamesmanship serves no purpose.

In any event, as Plaintiffs' cited authority confirms (D.I. 207 at 3), "neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or a related question while the case remains *sub judice* in a federal court."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 292 (2005).  And, *Chambers v. Wells Fargo Bank, N.A*., also cited by Plaintiffs (D.I. 207 at 3), makes clear that the first-in-time ruling—here, the dismissal order that this Court entered in March 2023—should generally be given preclusive effect, *not* vice versa, as Plaintiffs contend.  726 F. App'x 886, 888 (3d Cir. 2018).

## <u>CONCLUSION</u>

Having refiled their Section 15(d) claim in this proceeding, Plaintiffs cannot complain that AWS now asks this Court to decide it.  For the foregoing reasons, AWS respectfully requests that the Court grant Defendant's Motion for Judgment on the Pleadings and enter judgment for AWS and against Plaintiffs on Plaintiffs' Section 15(d) claim without leave to amend.

Dated:  July 29, 2024

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

*/s/ Jody C. Barillare*

Jody C. Barillare (#5107)
1201 North Market Street, Suite 2201
Wilmington, DE  19801
(302) 574-3000
jody.barillare@morganlewis.com

Beth Herrington (pro hac vice)
110 North Wacker Drive
Chicago, IL  60606
(312) 324-1000
beth.herrington@morganlewis.com

Ari Selman (pro hac vice)
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178
(202) 309-6168
ari.selman@morganlewis.com

Jordan McCrary (pro hac vice)
Morgan Lewis & Bockius LLP
300 South Grand Ave., 22nd Floor
Los Angeles, CA 90071
(213) 680-6768
jordan.mccrary@morganlewis.com

*Counsel for Defendant Amazon Web Services, Inc.*