IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTINE MCGOVERAN, et al., individually and on behalf of all others similarly situated, known and unknown,

*Plaintiffs,*

v.

AMAZON WEB SERVICES, INC.

*Defendant.*

No. 1:20-cv-01399-SB

---

Alexander L. Braitberg, Andrew D. Schlichter, Joel Rohlf, Nathan D. Stump, Peter Cosgrove, SCHLICHTER BOGARD LLP, St. Louis, Missouri; David T. Crumplar, JACOBS & CRUMPLAR, P.A., Wilmington, Delaware

*Counsel for Plaintiffs.*

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, Delaware; Ari M. Selman, MORGAN LEWIS & BOCKIUS LLP, New York, New York; Elizabeth Herrington, MORGAN LEWIS & BOCKIUS LLP, Chicago, Illinois; Jordan McCrary, MORGAN LEWIS & BOCKIUS LLP, Los Angeles, California; Raechel K. Kummer, MORGAN LEWIS & BOCKIUS LLP, Washington, DC.

*Counsel for Defendant.*

---

**MEMORANDUM OPINION**

October 16, 2024

---

BIBAS, *Circuit Judge*, sitting by designation.

Plaintiffs regret their choices, but they cannot escape the consequences of their voluntary actions. In March 2023, I dismissed their claim under Section 15(d) of the Illinois Biometric Information Privacy Act. D.I. 74 at 22–24. I did "not require a motion for leave to amend against Amazon" for this claim. *Id.* at 24. And I spelled out how plaintiffs could state a claim. *Id.* at 22–23. Yet they instead repleaded the exact same claim that I had dismissed without prejudice. *Compare* D.I. 175 *with* D.I. 47. Because they have brought the same claim again with the same defects, I grant Amazon judgment on the pleadings on plaintiffs' Section 15(d) claim.

## I. BECAUSE PLAINTIFFS REPLEADED THE SAME CLAIM THAT I ALREADY DISMISSED, I GRANT AMAZON JUDGMENT ON THE PLEADINGS

Plaintiffs brought a class action, alleging that Amazon had violated several parts of the Act. D.I. 47. The complaint said that Amazon violated Section 15(d) of the Act by "disclosing, redisclosing, and disseminating" class members' biometric identifiers and information without their consent. D.I. 47 at 39. I dismissed that count for failure to state a claim. D.I. 74 at 22. Plaintiffs did not allege that Amazon had shared the class members' biometric identifiers or information. They did allege that Amazon had shared voice audio, but the statute defines "biometric identifier" to include only "voiceprints," not mere voice audio. D.I. 74 at 23; 470 Ill. Comp. Stat. 14/10.

Because my ruling was "the first opinion to evaluate [plaintiffs' Section 15(d) claim] on the merits," I did "not require a motion for leave to amend." D.I. 74 at 24. Plaintiffs eventually submitted "a long-overdue motion to amend the complaint," adding nine new named plaintiffs. D.I. 153, 161. Soon after that, plaintiffs filed their Second Amended Complaint. D.I. 175. But that new complaint realleged the exact

2

same Section 15(d) claim that I had dismissed. *Compare* D.I. 47 at 39–40 *with* D.I. 175 at 40–41. As plaintiffs concede, the only additions to the new complaint are allegations that nine new plaintiffs reside in Illinois and called an Amazon call center. D.I. 223 at 2; D.I. 175 at 21–23. After filing that new complaint, plaintiffs also brought a Section 15(d) claim against Amazon in Illinois state court. D.I. 223 at 2–3. Because I had already held that claim was legally flawed, Amazon now asks me to enter judgment on it.

"A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017). Plaintiffs' Second Amended Complaint alleges no additional facts that change my Section 15(d) analysis. So my earlier ruling still controls. Thus I grant judgment on the pleadings to Amazon on plaintiffs' Section 15(d) claim.

Plaintiffs resist this conclusion, but their arguments are meritless.

*First,* they argue that they only "sought leave to add nine new plaintiffs" and never intended to replead the Section 15(d) claim. D.I. 223 at 2. Not so. I instructed plaintiffs that they need not move for leave to amend their Section 15(d) claim. D.I. 74 at 24. So it does not matter that they never sought leave to replead it. They repleaded it anyway. D.I. 175 at 40–41. By doing so, they put the claim back in front of the Court.

*Second*, plaintiffs distort the record to argue that their Section 15(d) claim is still dismissed, taking away the Court's subject-matter jurisdiction. Wrong again. I

dismissed plaintiffs' Section 15(d) claim without prejudice. D.I. 74 at 24. Plaintiffs then repleaded that claim, adding several named plaintiffs without changing the Section 15(d) allegations. D.I. 175. They did not have to, but they did. The Court still has subject-matter jurisdiction because the parties are diverse. D.I. 175 at 4. So the claim is properly before the Court.

Plaintiffs' argument to the contrary seems frivolous. It appears to fall short of lawyers' duty not to mislead courts. *Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 151 (3d Cir. 2024). Putting claims before the Court has consequences; lying to the Court also has consequences. So I order plaintiffs to show cause about their possible breach of their duty of candor under Fed. R. Civ. P. 11(b)(2), (b)(3), and (c)(3). I will give them an opportunity to explain or challenge my tentative conclusion that they breached their duty of candor by making a frivolous argument.

*Third*, plaintiffs dredge up a host of abstention and preclusion doctrines based on the suit they filed in Illinois state court. None works.

To start, the *Rooker-Feldman* doctrine does not apply. This is not a case "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Skinner v. Switzer*, 562 U.S. 521, 531 (2011). To the contrary, plaintiffs began their case here, lost, and then ran off to state court. D.I. 207 at 2. Even if the state court had entered final judgment (it has not), the doctrine "is not triggered simply by the entry of judgment in state court." *Exxon Mobil*, 544 U.S. at 292; *see also Malhan v. Sec'y, U.S. Dep't of State*, 938 F.3d

453, 460 (3d Cir. 2019) (there is no final judgment here because the state case has neither ended nor has that court issued a judgment reviewable by the Supreme Court under *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469 (1975)); D.I. 233-1.

Plaintiffs next invoke *Colorado River* abstention. Under this doctrine, federal courts abstain from hearing a case when a parallel state-court case is ongoing. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009). But federal courts abstain only in "extraordinary circumstances." *Id.* at 308 (internal quotation marks omitted). Here, "even presuming parallelism, this action does not present the type of circumstances warranting abstention." *Id.* Courts consider six factors to decide whether extraordinary circumstances are present; on balance, they weigh against abstaining here. *Id.* Though the Act is state law and there is no evidence that the state court will fail to protect the parties' interests, this case has been litigated in federal court since 2020, ruling on this claim will not make the litigation piecemeal, and federal jurisdiction preceded state jurisdiction by years. *Id.* So I need not abstain from ruling on the Section 15(d) claim.

Plaintiffs' last theory is issue preclusion. They argue that because Amazon "moved to dismiss the Section 15(d) claim … and the Illinois court expressly rejected its arguments," I cannot grant Amazon judgment on the pleadings. D.I. 223 at 8. Again, this argument misses the mark. The state-court litigation began after I ruled on plaintiffs' Section 15(d) claim, and there has not been "a final judgment on the merits." *Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 63 (3d Cir. 2023);

*Long v. Elborno*, 922 N.E.2d 555, 563 (Ill. App. Ct. 2010). So issue preclusion does not apply.

To recap, my ruling on the motion to dismiss gave plaintiffs "a detailed blueprint of how to remedy the defects in their claims." *Cal. Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 164 (3d Cir. 2004). Plaintiffs' lawyers "utterly" ignored that blueprint, repleaded the same claim without any substantive changes, and now try to undo their lazy lawyering by invoking a heap of doctrines. *Id*. None applies. So I grant Amazon judgment on the pleadings on plaintiffs' Section 15(d) claim.

## II. RULE 12(F) DOES NOT APPLY

Plaintiffs also ask me to strike the Section 15(d) claim from the Second Amended Complaint. I will not.

Rule 12(f) lets courts "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Striking a pleading "is an extreme and disfavored measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007). That is because striking "often is sought by the movant simply as a dilatory or harassing tactic." 5C Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1380 (3d ed. 2024). That is what is happening here. Plaintiffs want to strike the claim only to avoid judgment against them. D.I. 223 at 8–9. Because plaintiffs try to misuse Rule 12(f) and because the Section 15(d) claim is neither a "defense" nor a "redundant, immaterial, impertinent, or scandalous matter," I refuse to strike the claim. Fed. R. Civ. P. 12(f).

6

Plaintiffs do not ask me to dismiss their Section 15(d) claim voluntarily. So I need not reach that issue. Nor have they asked for leave to replead this claim, so I do not grant it. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–253 (3d Cir. 2007).

* * * * *

Plaintiffs' lawyers ignored the blueprint I gave them to plead a Section 15(d) claim under the Act. They repleaded their original Section 15(d) claim exactly as it was when I ruled it failed to state a claim. That analysis controls. So I grant Amazon judgment on the pleadings.