# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, AMELIA RODRIGUEZ, RICHARD DRESSER, ALIKI MARINOS, ROBERT RITTER, FRED SPAGAT, STEVEN TALMONTAS, TRACI THOMPSON, JEFFREY WHALEN, MICHELLE WHALEN, and DONNA WINANDY, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON WEB SERVICES, INC.,<br><br>Defendant. | No. 1:20-cv-1399-SB |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO ENJOIN (D.I. 285)**

Dated: November 27, 2024

Andrew D. Schlichter\*
Joel Rohlf\*
Alexander L. Braitberg\*
Nathan Stump\*
SCHLICHTER BOGARD LLP
100 South Fourth St., Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
aschlichter@uselaws.com
jrohlf@uselaws.com
abraitberg@uselaws.com
nstump@uselaws.com
\*(admitted *pro hac vice*)

David Crumplar (#5876)
JACOBS & CRUMPLAR, P.A.
10 Corporate Circle, Suite 301
New Castle, DE 19720
(302) 600-1935
davy@jcdelaw.com

# **TABLE OF CONTENTS**

Introduction ................................................................................................................................... 1

Summary of Argument ................................................................................................................. 2

Statement of Facts ........................................................................................................................ 3

Argument ...................................................................................................................................... 4

    I.    Defendant Cannot Satisfy the Supreme Court's Standard in *Bayer*, Which Defendant's Memorandum Omits ................................................................................... 4

    II.   Defendant Has Not Shown That It Will Suffer Irreparable Harm Absent an Injunction ........................................................................................................................ 7

    III.  Defendant Has an Adequate Remedy at Law .................................................................. 8

    IV.  Principles of Comity Require Denial of Defendant's Motion ......................................... 9

    V.   Defendant's Assertion That Plaintiffs Lack Standing to Bring the Illinois Action Is Baseless and Irrelevant to Its Motion ............................................................................. 11

# **TABLE OF AUTHORITIES**

**Cases**

*202 North Monroe, LLC v. Sower*,
   850 F.3d 265 (6th Cir. 2017) .................................................................................................. 6

*Aristud-Gonzalez v. Gov't Dev. Bank*,
   501 F.3d 24 (1st Cir. 2007) ..................................................................................................... 8

*Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*,
   398 U.S. 281 (1970) .............................................................................................................. 10

*Atlantic Coast Line R. R. Co. v. Brotherhood of Locomotive Engineers*,
   398 U.S. 281, 26 L. Ed. 2d 234, 90 S. Ct. 1739 (1970) ........................................................... 8

*Baker v. Match Grp.*, Inc.,
   No. 3:23-CV-02761-N, 2024 U.S. Dist. LEXIS 196990 (N.D. Tex. Oct. 30, 2024) ............... 10

*Ballenger v. Mobil Oil Corp.*,
   138 F. App'x 615 (5th Cir. 2005) ............................................................................................ 8

*Butt v. United Bhd. of Carpenters & Joiners of Am.*,
   999 F.3d 882 (3d Cir. 2021) .................................................................................................. 11

*Charlton v. Commissioner*,
   611 F. App'x 91 (3d Cir. 2015) ............................................................................................... 9

*Chick Kam Choo v. Exxon Corp.*,
   486 U.S. 140 (1988) .............................................................................................................. 10

*Daewoo Elecs. Corp. v. W. Auto Supply Co.*,
   975 F.2d 474 (8th Cir. 1992) ...................................................................................... 8, 10, 11

*Delgado v. Meta Platforms,* Inc.,
   No. 23-cv-04181-SI, 2024 U.S. Dist. LEXIS 33534 (N.D. Cal. Feb. 27, 2024) .................... 11

*Gilgallon v. Cnty. of Hudson*,
   2006 U.S. Dist. LEXIS 247 (D.N.J. Jan. 4, 2006) ................................................................... 6

*In re Davis*,
   691 F.2d 176 (3d Cir. 1982) ................................................................................................ 7, 8

*In Re Diet Drugs Prods. Liability Litigation*,
   369 F.3d 293 (3d Cir. 2004) ............................................................................................. 3, 10

*In re John's Overtime Litig.*,
   877 F.3d. 756 (7th Cir. 2017) .................................................................................................. 9

*In re Prudential Ins. Co. of Am. Sales Practice Litig.*,
   261 F.3d 355 (3d Cir. 2001) .................................................................................................... 8

*Jenkins v. Kansas City Missouri Sch. Dist.*,
  516 F.3d 1074 (8th Cir. 2008) .................................................................................. 11

*JTH Tax, LLC v. Shahabuddin*,
  490 F. Supp. 3d 942 (E.D. Va. 2020) ........................................................................ 9

*Kay Company v. Equitable Production Co.*,
  27 F.4th 252 (4th Cir. 2022) ...................................................................................... 6

*Kokkonen v. Guardian Life Ins. Co.*,
  511 U.S. 375 (1994) ................................................................................................. 11

*McGoveran v. Amazon Web Servs.*,
  No. 130559 (Ill. Sup. Ct. May 29, 2024) .................................................................. 4

*McGoveran v. Amazon Web Servs.*,
  No. 23-LA-000690 (Ill. Cir. Ct. May 9, 2023) ......................................................... 3

*McGoveran v. Amazon Web Servs.*,
  No. 5- 24-0095 (Ill. App. Ct. Feb. 21, 2024) ............................................................ 4

*People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van*,
  177 Ill. 2d 314,  226 Ill.Dec. 627, 685 N.E.2d 1370 (1997) ..................................... 11

*Philadelphia Nat. Bank v. McGuckin*,
  1990 WL 201496 (E.D. Pa. Dec. 7, 1990) ................................................................ 6

*Rosenbach v. Six Flags Entm't Corp.*,
  2019 IL 123186, 432 Ill. Dec. 654, 129 N.E.3d 1197 ......................................... 3, 12

*Seven Z Enterprises, Inc. v. Giant Eagle, Inc.*,
  379 F.Supp.3d 455 (W.D. Pa. 2019) ......................................................................... 7

*SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*,
  764 F.3d 1327 (11th Cir. 2014) ................................................................................. 6

*Smith v. Bayer Corp.*,
  564 U.S. 299 (2011) ................................................................................. 1, 2, 4, 5, 10

*Soto v. Great America LLC*,
  2020 IL App (2d) 180911, 165 N.E.2d 935, 445 Ill. Dec. 83 .................................. 12

*Soto v. Great America LLC*,
  No. 17-cv-6902, 2018 U.S. Dist. LEXIS 87598 (N.D. Ill. May 24, 2018) .............. 12

*Steinbrecher v. Steinbrecher,*
  197 Ill. 2d 514, 259 Ill.Dec. 729, 759 N.E.2d 509 (2001) ....................................... 12

*Thomas v. Powell*,
  247 F.3d 260 (D.C. Cir. 2001) .................................................................................. 6

*United States v. Dougherty*,
  627 F. App'x 97 (3d Cir. 2015) .......................................................................... 2, 6, 7

*United States v. Purdue Frederick Co.*,
  963 F. Supp. 2d 561 (W.D. Va. 2013) ...................................................................... 9

**Statutes**

28 U.S.C. § 2283 .................................................................................................................... 4

**Other Authorities**

17A Moore's Federal Practice - Civil ............................................................................... 2

## INTRODUCTION

This Court should deny Defendant's motion to enjoin the *McGoveran v. Amazon Web Servs.*, No. 23-LA-000690 (Ill. Cir. Ct.), action currently pending before Judge Sarah Smith in Madison County, Illinois Circuit Court (the "Illinois Action"). Defendant cannot establish that the circumstances here satisfy the standard for application of the "narrow" relitigation exception to the Anti-Injunction Act set forth in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), in which the Supreme Court directed federal courts not to intervene in related state court actions unless preclusion is "clear beyond peradventure." *Id*. at 300, 306. Defendant's memorandum wholly omits *Bayer*, and largely relies on pre-*Bayer* authority. But *Bayer* does not permit an injunction where, as here, state and federal actions are not identical, and instead involve different claims, allegations, and legal standards.

Moreover, Defendant cannot show that it will suffer irreparable harm without injunctive relief, or that it lacks an adequate remedy at law, both of which are required for the extraordinary injunction that Defendant seeks. Indeed, even if the plaintiffs in the Illinois Action had not sought a stay of that action in deference to this Court's entry of judgment (and they have), the "harm" Defendant identifies (i.e., the expenditure of time and/or resources) is insufficient as a matter of law, and Defendant has a straightforward available remedy: it may assert its preclusion arguments in the Illinois Action. This forecloses application of the relitigation exception. In any event, even if entering an injunction were not foreclosed, comity principles require that the Court decline to enjoin an Illinois court from adjudicating a case brought under Illinois law.

For these reasons, and those below, the Court should deny Defendant's motion to enjoin. Even if Defendant's preclusion arguments had merit (and they do not), the proper forum to resolve those issues is the Illinois court.

## NATURE AND STAGE OF THE PROCEEDINGS

The procedural history of this matter is familiar to the Court and set forth in more detail below. On October 16, 2024, the Court granted Defendant's motion for judgment on the pleadings. D.I. 269, 270. On October 30, 2024, the Court granted Defendant's motion for summary judgment. D.I. 283. On November 6, 2024, Defendant filed a motion to join state court proceedings, D.I. 285, which Plaintiffs oppose herein.

## SUMMARY OF ARGUMENT

The Court should deny Defendant's motion to enjoin for several reasons:

*First,* because the issues in this action and the Illinois Action are not identical, the relitigation exception to the Anti-Injunction Act, which prohibits federal courts from enjoining state proceedings except under narrow exceptions, does not apply. *Bayer*, 564 U.S. at 300 (in order for relitigation exception to apply, issues must be "identical").

*Second*, Defendant has not and cannot establish it will suffer any harm, let alone irreparable harm, absent an injunction. *See United States v. Dougherty*, 627 F. App'x 97, 102 (3d Cir. 2015) (a party seeking injunctive relief must show that it has suffered or will suffer an irreparable injury without injunctive relief.)

*Third*, Defendant has not and cannot establish it lacks an adequate alternative remedy, because it can raise its preclusion arguments in the Illinois Action. *See, e.g.*, 17A Moore's Federal Practice - Civil § 121.09 ("A party seeking a federal injunction of state proceedings must satisfy the requirements of both the Anti-Injunction Act and those for obtaining equitable relief – namely, irreparable injury and lack of an adequate remedy at law.")

*Fourth*, even if an injunction were permissible, the Court should decline to issue one in respect of principles of comity, particularly because this litigation involves Illinois law. *See In Re*

2

*Diet Drugs Prods. Liability Litigation*, 369 F.3d 293, 306 (3d Cir. 2004) ("[P]rinciples of comity, federalism, and equity always restrain federal courts' ability to enjoin state court proceedings[.]").

*Fifth*, Defendant's suggestion that this Court's determinations regarding standing bind the Illinois court, which is not subject to Article III standing requirements, is incorrect. *See Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 33, 432 Ill. Dec. 654, 663, 129 N.E.3d 1197, 1206 (BIPA suits may proceed in Illinois courts if a plaintiff is merely "aggrieved").

## STATEMENT OF FACTS

On May 9, 2023, shortly after this Court dismissed without prejudice their claims under BIPA Sections 15(a), (c), and (d), Plaintiffs filed claims asserting violations of those provisions in Madison County, Illinois Circuit Court. *See McGoveran v. Amazon Web Servs.*, No. 23-LA-000690 (Ill. Cir. Ct. May 9, 2023). While both cases generally allege Defendant failed to comply with BIPA, the cases focus on different statutory violations. The Illinois Action focuses on Defendant's data retention policies (Section 15(a)), profits from biometric data (Section 15(c)), and dissemination of biometric data (Section 15(d)). Illinois Action Complaint, attached hereto as Ex. 1, at ¶¶ 47–80, 156.

On June 26, 2023, Defendant moved to dismiss all of the claims alleged in the Illinois Action based on issue preclusion, a purported lack of personal jurisdiction, and a purported failure to state a claim. After extensive briefing and a lengthy oral argument, Judge Smith rejected Defendant's arguments and denied Defendant's motion to dismiss. *See* Memo. & Order Denying Mot. to Dismiss (Dec. 19, 2023), attached hereto as Ex. 2. Defendant then sought interlocutory review. Illinois's Fifth District Appellate Court denied Defendant's request for interlocutory review on February 21, 2024. *McGoveran v. Amazon Web Servs.*, No. 5- 24-0095

(Ill. App. Ct. Feb. 21, 2024), attached hereto as Ex. 3. And the Illinois Supreme Court denied Defendant's request for interlocutory review on May 29, 2024. *McGoveran v. Amazon Web Servs.*, No. 130559 (Ill. Sup. Ct. May 29, 2024). The Illinois Action remains pending before Judge Smith.

On November 26, 2024, Plaintiffs moved for a stay of the Illinois Action pending resolution of any appeal in this matter. Therein, Plaintiffs requested that the Illinois Action be stayed pending resolution of Plaintiffs' appeal in this matter.

## ARGUMENT

I. **Defendant Cannot Satisfy the Supreme Court's Standard in *Bayer*, Which Defendant's Memorandum Omits**

Because the Illinois Action and this case are not identical, Defendant cannot satisfy the Supreme Court's standard for application of the relitigation exception to the Anti-Injunction Act set forth in *Bayer*, which Defendant omits entirely from its memorandum.

Under the Anti-Injunction Act, 28 U.S.C. § 2283, federal courts are prohibited from issuing injunctions against state court proceedings unless one of three exceptions applies: (1) an injunction is expressly authorized by Congress; (2) an injunction is necessary in aid of a federal court's jurisdiction, or (3) an injunction is necessary to protect or effectuate a federal court's judgment. 28 U.S.C. § 2283. As the Supreme Court held in *Bayer*, these exceptions "are narrow and are not [to] be enlarged by loose statutory construction." *Bayer*, 564 U.S. at 306 (internal quotation marks omitted). Rather, "[i]ssuing an injunction under the relitigation exception is *heavy artillery*." *Id.* at 307 (emphasis added).

While Defendant seeks to invoke the relitigation exception, which was also at issue in *Bayer*, Defendant does not cite *Bayer*, which controls. Presumably, this is because in *Bayer* the Supreme Court took "special care to keep [the relitigation exception] strict and narrow," and held

4

that the relitigation exception *only* applies where the issues in federal and state cases are "identical." *Bayer,* 564 U.S. at 302, 305. As *Bayer* establishes, federal courts do *not*, contrary to Defendant's suggestion, have broad license to "protect" any ruling from other cases that may seem similar. *Contra* D.I. 286 at 18. Instead, "every benefit of the doubt goes toward the state court," and an injunction should "issue only if preclusion is clear beyond peradventure." *Bayer*, 564 U.S. at 307.

As Defendant cannot contest, and appears to concede, this case and the Illinois Action case are not identical. D.I. 286 at 22. The Illinois Action alleges violations of Sections 15(a) (data retention policies) and 15(c) (profits from biometric data), which are not at issue in this case. And this case alleges violations of Section 15(b) (collection of biometric data), which is not at issue in the Illinois Action. The cases, the allegations, and the at-issue facts that must be proved are thus indisputably distinct. This bars the "heavy artillery" of an injunction that Defendant demands this Court deploy. *Bayer*, 564 U.S. at 307.

Moreover, while Defendant highlights aspects of this Court's summary judgment order that it argues requires this Court to enjoin the Illinois Action – e.g., the Court's rulings concerning extraterritoriality and Defendant's involvement with the at-issue technology, D.I. 286 at 22–25 – these rulings do not preclude the Illinois Action. With regard to extraterritoriality, for example, the Court's ruling was based on evidence presented at summary judgment of Defendant's Illinois activities regarding whether the *collection* of Plaintiffs' biometric data occurred primarily and substantially in Illinois. D.I. 283 at 14–15. Setting aside the fact that different discovery will be adduced in the Illinois Action, given that Plaintiffs, among other things, did not take a single deposition of a defense witness in this case, the Section 15(c) claim in the Illinois Action concerns whether the Defendant *profited* from transactions involving

5

Illinois residents, which does not depend on where the at-issue biometric data was originally collected. Similarly, Plaintiffs' Section 15(a) claim in the Illinois Action alleges that Defendant failed to publish or comply with a biometrics data retention schedule related to the at-issue biometric data. The Court's determination that there was insufficient evidence that Defendant's *collection* of Plaintiffs' biometric data occurred primarily and substantially in Illinois is not dispositive of whether Defendant's alleged failure to publish and comply with a biometric data retention policy occurred primarily and substantially in Illinois.

Defendant's authorities, furthermore, are inapposite. Defendant's argument that the Court must enjoin the Illinois Action based on the relitigation exception primarily relies on pre-*Bayer* cases. *See* D.I. 286 at 12-14 (citing, *inter alia*, *Gilgallon v. Cnty. of Hudson*, 2006 U.S. Dist. LEXIS 247, at *3 (D.N.J. Jan. 4, 2006); *Thomas v. Powell*, 247 F.3d 260, 262–63 (D.C. Cir. 2001); *Philadelphia Nat. Bank v. McGuckin*, 1990 WL 201496, at *3 (E.D. Pa. Dec. 7, 1990)). Since *Bayer*, however, multiple federal circuit courts have found the relitigation exception inapplicable where, as here, the issues or claims involved were not completely identical. *See Dougherty*, 627 F. App'x at 101 (holding in a non-precedential opinion that the relitigation exception did not apply where there was no identity of issues); *see also, e.g.*, *Kay Company v. Equitable Production Co.*, 27 F.4th 252, 262 (4th Cir. 2022) (finding the exception inapplicable where a state trespass claim was different than the federal claim); *202 North Monroe, LLC v. Sower*, 850 F.3d 265, 274 (6th Cir. 2017) (refusing to enjoin state action where the claims were not identical, even though the result of the state action could call into question the validity of the federal consent judgment); *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1343 (11th Cir. 2014) (affirming injunction of identical claims but reversing in part as to certain state claims that relied on new theories not litigated in federal court). As these and other authorities

6

confirm, because this action and the Illinois Action are not identical, the relitigation exception does not apply.

II.     **Defendant Has Not Shown That It Will Suffer Irreparable Harm Absent an Injunction**

The Court should additionally deny Defendant's motion because Defendant cannot establish that it will suffer irreparable harm absent an injunction.

A party seeking injunctive relief must show that it has suffered or will suffer an irreparable injury without injunctive relief. *In re Davis*, 691 F.2d 176, 178; *Dougherty*, 627 F. App'x at 102. Here, the only "irreparable harm" that Defendant identifies involves expending time or resources in potentially relitigating issues in the Illinois Action. D.I. 286 at 20. But Defendant's argument that an expenditure of time or resources warrants enjoining a separate action has been expressly rejected by the Third Circuit, which has held that the "the cost, anxiety, and inconvenience" of being required to defend in state court does not rise to the level of irreparable injury. *In re Davis*, 691 F.2d at 178. Moreover, there is no irreparable harm when Defendant is free to raise the defenses of res judicata and collateral estoppel in the Illinois Action. *Seven Z Enterprises, Inc. v. Giant Eagle, Inc.*, 379 F.Supp.3d 455, 460 (W.D. Pa. 2019) (finding no irreparable harm as "[Defendant] will be free to assert the affirmative defense of issue preclusion in the state-court proceeding, so it is not without an available legal remedy").

Furthermore, while Defendant asserts that it need not demonstrate irreparable harm to obtain an injunction, D.I. 286 at 20, the Third Circuit has held otherwise. *See Dougherty*, 627 F. App'x at 102 (holding that, under the Anti-Injunction Act, "a party seeking injunctive relief must still show that it has suffered or will suffer irreparable harm without injunctive relief"). Indeed, as the Third Circuit has held, injunctions are authorized under the relitigation exception only if they are "otherwise proper under general equitable principles[.]" *In re Prudential Ins. Co. of Am.*

7

*Sales Practice Litig.*, 261 F.3d 355, 364 (3d Cir. 2001) (citing *Atlantic Coast Line R. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 287, 26 L. Ed. 2d 234, 90 S. Ct. 1739 (1970))[1]; *Daewoo Elecs. Corp. v. W. Auto Supply Co.*, 975 F.2d 474, 478 (8th Cir. 1992) (injunction under the Anti-Injunction act "must be an otherwise proper exercise of the district court's equitable power").

Additionally, because Plaintiffs have moved to stay the Illinois action pending any appeal of this matter, Defendant cannot show, as required, that it "*will*" suffer irreparable harm if this Court denies its motion. *In re Davis*, 691 F.2d at 178 (having to defend in state court is not "irreparable injury"). Indeed, in light of Plaintiffs' request that the Illinois Action be stayed, the prospect that Defendant will suffer even the insufficient "harm" it identifies (i.e., the potential expenditure of time and/or resources) is at best highly remote, and thus inadequate.

### III. Defendant Has an Adequate Remedy at Law

Because Defendant has an adequate remedy at law – raising its preclusion arguments in the state court – this Court may not issue the injunction Defendant requests. "[A]nti-suit injunctions must also be supported by the traditional equitable requirements such as irreparable harm for which there is no adequate remedy at law." *In re John's Overtime Litig.*, 877 F.3d. 756, 770 (7th Cir. 2017) (citations omitted); *see also Charlton v. Commissioner*, 611 F. App'x 91, 95

---

[1] Defendant cites *Ballenger v. Mobil Oil Corp.*, 138 F. App'x 615, 622 (5th Cir. 2005), for the proposition that "no independent demonstration of irreparable harm or a lack of alternative remedies is necessary" under the Anti-Injunction Act. D.I. 286 at 20. But that case acknowledges that "harm of continuing the state litigation and the lack of an adequate remedy at law" are necessary preconditions to granting injunctive relief under the Anti-Injunction Act. Irreparable injury and adequate alternative remedies remain important factors in analyzing a proposed injunction under the relitigation exception to the Anti-Injunction Act in part because "not all litigation expenses are the same in magnitude or certainty." *Aristud-Gonzalez v. Gov't Dev. Bank*, 501 F.3d 24, 28 and n.6 (1st Cir. 2007) (discussing *Ballenger*'s tension with other authority).

(3d Cir. 2015) (in case involving the Tax Anti-Injunction Act, 26 USCS § 7421, mandamus relief was unwarranted because plaintiff could not show that he has no other remedy at law, because "he can bring a refund suit."). "Courts have generally required that a party seeking a federal injunction of a state proceeding demonstrate that the injunction is necessary to prevent irreparable injury and that no adequate remedy is available at law." *United States v. Purdue Frederick Co.*, 963 F. Supp. 2d 561, 577 (W.D. Va. 2013); *see also* 17A Moore's Federal Practice - Civil § 121.09 ("A party seeking a federal injunction of state proceedings must satisfy the requirements of both the Anti-Injunction Act and those for obtaining equitable relief— namely, irreparable injury and lack of an adequate remedy at law.").

Here, Defendant's ability to raise its preclusion arguments in the Illinois Action is indisputably an adequate alternative remedy. *See, e.g.*, *JTH Tax, LLC v. Shahabuddin*, 490 F. Supp. 3d 942, 945 (E.D. Va. 2020) (denying motion to enjoin under relitigation exception in part because the defendant was "free to assert his claim of issue preclusion in state court" and therefore had an adequate alternative remedy). Defendant makes no attempt to show that it lacks an adequate alternative remedy, because it cannot. The fact that Defendant can freely raise its preclusion and other arguments in the Illinois Action forecloses the showing Defendant must make.

## IV. Principles of Comity Require Denial of Defendant's Motion

Even if Defendant had carried its burden to demonstrate that the Court should enjoin the Illinois Action (and it has not), the Court should refrain from doing so here in order to allow the Illinois court to manage its docket without federal intervention – particularly given that the Illinois Action involves Illinois law and Illinois plaintiffs. "[T]hat an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486

9

U.S. 140, 151 (1988) (emphasis in original); *see also Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) (Anti-Injunction Act reflects Congress's judgment that "[p]roceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts"). "[P]rinciples of comity, federalism, and equity always restrain federal courts' ability to enjoin state court proceedings[.]" *In Re Diet Drugs Prods. Liability Litigation*, 369 F.3d at 306. Indeed, as the Supreme Court has held, "[d]eciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court[.]" *Bayer*, 564 U.S. at 307 (emphasis added). Concerns that a state court might not decide the matter correctly are not grounds for federal intervention, as Defendant can always appeal any adverse ruling from the state court. *See id.* at 307 n.5 (even if a state court action should be barred by res judicata, a "state trial court's erroneous refusal to give preclusive effect to a federal judgment" may be corrected by state appellate courts and ultimately the U.S. Supreme Court).

Furthermore, because an "important state interest" is at stake here, comity considerations are heightened. *See Daewoo*, 975 F.2d at 478 (noting that where a state has a "strong interest" in the outcome of litigation, a federal court must find that a "higher standard" is met to enjoin a state proceeding); *see also* 17A Moore's Federal Practice - Civil § 121.09 ("When a state has a strong protectable interest, a litigant who seeks an injunction must make a stronger showing of equitable entitlement before the federal court may issue an injunction under any of the Anti-Injunction Act exceptions."). Illinois has a "substantial interest in protecting its residents' biometric data." *Baker v. Match Grp.*, Inc., No. 3:23-CV-02761-N, 2024 U.S. Dist. LEXIS 196990, at *11 (N.D. Tex. Oct. 30, 2024) (citation omitted); *see also Delgado v. Meta Platforms, Inc.*, No. 23-cv-04181-SI, 2024 U.S. Dist. LEXIS 33534, at *8 (N.D. Cal. Feb. 27, 2024)

(collecting cases analyzing Illinois's interest in BIPA cases in choice-of-law context). Because Illinois has a "strong interest" in the outcome of BIPA litigation involving Illinois plaintiffs such as this, *Daewoo*, 975 F.2d at 478, principles of comity dictate that this Court should deny Defendant's motion to enjoin.[2]

### V. Defendant's Assertion That Plaintiffs Lack Standing to Bring the Illinois Action Is Baseless and Irrelevant to Its Motion

Defendant's assertion that Plaintiffs have improperly failed to concede that the three plaintiffs in the Illinois Action lack standing is both incorrect and irrelevant. D.I. 286 at 12. As an initial matter, any suggestion by Defendant that this Court may adjudicate the standing of parties to a separate action in another court is entirely unsupported. And in any event, the question of whether the plaintiffs in the Illinois Action have standing to bring *that* case is irrelevant to the question of whether Defendant can show that the standard for application of the relitigation exception set forth by the Supreme Court in *Bayer* has been satisfied.

Moreover, in Illinois, standing is not jurisdictional (as it is in federal court); rather, it is an affirmative defense that a defendant must plead and prove. *People v. $1,124,905 U.S. Currency & One 1988 Chevrolet Astro Van,* 177 Ill. 2d 314, 330, 226 Ill.Dec. 627, 685 N.E.2d 1370 (1997); *see also generally Soto v. Great America LLC*, 2020 IL App (2d) 180911, ¶ 20, 165 N.E.2d 935, 941, 445 Ill. Dec. 83, 89 ("Standing in federal and Illinois courts … is controlled by the forums' distinct constitutional provisions.") (vacated on grounds unrelated to standing). And

---

[2] The Court may additionally decline to consider Defendant's motion. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377–378 (1994) (no basis for federal district court to enforce a settlement once case was closed). While Defendant suggests that this Court has jurisdiction to consider the motion, none are applicable. *See Jenkins v. Kansas City Missouri Sch. Dist.*, 516 F.3d 1074, 1081 (8th Cir. 2008) (settlement specifically provided that court would retain jurisdiction to enforce it); *Butt v. United Bhd. of Carpenters & Joiners of Am.*, 999 F.3d 882, 889 (3d Cir. 2021) (attorney fee dispute originated from original judgment).

Illinois law permits a BIPA suit to proceed in an Illinois court if a plaintiff is merely "aggrieved," which is a lower standard than injury-in-fact. *Rosenbach*, 2019 IL 123186, ¶ 33 ("[W]hen a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach."); *see also Steinbrecher v. Steinbrecher,* 197 Ill. 2d 514, 530, 259 Ill.Dec. 729, 759 N.E.2d 509 (2001) (Illinois circuit courts are constitutionally empowered with "jurisdiction to adjudicate all controversies"). Defendant's suggestion that the plaintiffs in the Illinois Action lack standing *in Illinois* to bring the *Section 15(a) and 15(c)* claims asserted there because the limited standing discovery that this Court permitted did not establish that those individuals had *Article III* standing to bring the *Section 15(b)* claim asserted here is therefore incorrect, even if it were appropriate for Defendant to adjudicate the Illinois Action plaintiffs' Illinois standing in this Court (and it is not).[3]

Defendant, moreover, raised the issue of the Illinois Action plaintiffs' purported lack of Illinois standing in the Illinois circuit court on multiple occasions, including in its opposition to Plaintiffs' motion to compel, filed on August 22, 2024, and in its reply in support of its motion for judgment on the pleadings on September 3, 2024. Defendant's suggestion that Plaintiffs failed to sufficiently raise that issue in the Illinois Action is entirely unsupported and incorrect, as is Defendant's assertion that the Illinois court was not made aware of Defendant's position

---

[3] Indeed, Defendant initially agreed that Plaintiffs had standing under Article III to proceed with their claims in federal court. *See* D.I. 74 at 18. As this Court recognized, "[t]his may be because Amazon wants to avoid a remand of some of Plaintiffs' claims to state court." *Id.*; *see also Soto v. Great America LLC,* No. 17-cv-6902, 2018 U.S. Dist. LEXIS 87598, at *10–15 (N.D. Ill. May 24, 2018) (remanding the matter from federal court to circuit court after noting the difference in standing principles, including that "Illinois is not bound to follow Article III's requirements in the same way that federal courts are").

concerning standing in the Illinois court.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully ask this Court to deny Defendant's motion.

Dated: November 27, 2024

| | |
|---|---|
| Andrew D. Schlichter* | */s/ David Crumplar* |
| Joel Rohlf* | David Crumplar (#5876) |
| Alexander L. Braitberg* | JACOBS & CRUMPLAR, P.A. |
| Nathan Stump* | 10 Corporate Circle, Suite 301 |
| SCHLICHTER BOGARD LLP | New Castle, DE 19720 |
| 100 South Fourth St., Ste. 1200 | (302) 600-1935 |
| St. Louis, MO 63102 | davy@jcdelaw.com |
| Phone: (314) 621-6115 | |
| Fax: (314) 621-5934 | |
| aschlichter@uselaws.com | |
| jrohlf@uselaws.com | |
| abraitberg@uselaws.com | |
| nstump@uselaws.com | |
| *(admitted *pro hac vice*) | |

14

## CERTIFICATE OF SERVICE

      I hereby certify that on November 27, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorneys of record. A reasonable effort has been made to reach agreement with the opposing party on the matters set forth in this motion.

                                                            /s/ David Crumplar