IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTINE MCGOVERAN, et al., indi-
vidually and on behalf of all others simi-
larly situated, known and unknown,

*Plaintiffs,*

v.

No. 1:20-cv-01399-SB

AMAZON WEB SERVICES, INC.

*Defendant.*

---

Alexander L. Braitberg, Andrew D. Schlichter, Joel Rohlf, Nathan D. Stump, SCHLICHTER BOGARD LLP, St. Louis, Missouri; David T. Crumplar, JACOBS & CRUMPLAR, P.A., Wilmington, Delaware

*Counsel for Plaintiffs.*

Jody C. Barillare, MORGAN LEWIS & BOCKIUS LLP, Wilmington, Delaware; Ari M. Selman, MORGAN LEWIS & BOCKIUS LLP, New York, New York; Elizabeth Herrington, MORGAN LEWIS & BOCKIUS LLP, Chicago, Illinois; Jordan McCrary, MORGAN LEWIS & BOCKIUS LLP, Los Angeles, California; Raechel K. Kummer, MORGAN LEWIS & BOCKIUS LLP, Washington, DC

*Counsel for Defendant.*

---

**MEMORANDUM OPINION**

January 27, 2025

---

BIBAS, *Circuit Judge*, sitting by designation.

Federal courts must respect state courts. Plaintiffs sued Amazon Web Services under Sections 15(a), (b), (c), and (d) of Illinois's Biometric Information Privacy Act. I dismissed the Section 15(a) and (c) claims, granted Amazon summary judgment on the Section 15(b) claim, and granted Amazon judgment on the pleadings on the Section 15(d) claim. D.I. 74–75, 269–70, 283–84. Now Amazon asks me to enjoin a state-court suit, stopping some of the original plaintiffs from bringing Section 15(a), (c), and (d) claims. I will not. The issues presented are not the same, plus the parties are different. And Amazon has failed to show that equity favors granting it an injunction. So I deny the motion to enjoin the state-court case.

Though plaintiffs suggest that the Court lacks jurisdiction, it has ancillary jurisdiction to hear this motion. *See Butt v. United Bhd. of Carpenters & Joiners*, 999 F.3d 882, 886–88 (3d Cir. 2021); *202 N. Monroe, LLC v. Sower*, 850 F.3d 265, 270–71 (6th Cir. 2017).

## I. THE ANTI-INJUNCTION ACT BARS ENJOINING THE STATE SUIT

The Anti-Injunction Act bars federal courts from enjoining state court suits unless one of three exceptions applies. *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). The only one relevant here lets a federal court enjoin a state suit "to protect or effectuate its judgments." 28 U.S.C. § 2283. Those judgments are supposed to preclude parties from taking another shot at claims or issues that the federal court already decided. So this exception lets federal courts enforce their judgments' preclusive effects by enjoining state proceedings that try to relitigate them. *Bayer*, 564 U.S. at 306. This relitigation exception is "strict and narrow." *Id.* at 306–07. We give "every benefit of

2

the doubt … toward the state court" and enjoin it "only if preclusion is clear beyond peradventure." *Id.* at 307.

Amazon must show that "preclusion is clear beyond peradventure" and thus justifies a federal court's drastic step of enjoining a state-court suit. *Id.* That means showing at least two threshold points: (1) "the issue the federal court decided" is "the same as the one presented in the state tribunal" and (2) the precluded person was "a party to the federal suit." *Id.* at 307–08. It cannot. And even if I could enjoin the state suit, I have discretion not to exercise that equitable power. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988). Amazon has not convinced me the equities favor an injunction.

## A. The issues and parties are different

Amazon asks me to enjoin Christine McGoveran, Amelia Rodriguez, and Joseph Valentine from bringing a Section 15(d) claim in state court because I ruled on plaintiffs' Section 15(d) claim. D.I. 285-1. It also wants me to bar them from litigating their Section 15(a) and (c) claims because it argues that several of my summary judgment rulings knocked out essential elements of those claims. *Id.*

I cannot enjoin the Section 15(d) claim. For preclusion to apply, the federal court must have *decided* the same issue presented in the state court. *Chick Kam Choo*, 486 U.S. at 148 ("[A]n essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court.").

But that did not happen here. I dismissed McGoveran, Rodriguez, and Valentine's claims for lack of standing. True, I decided the merits of *other* plaintiffs' Section 15(d)

claims: those of Robert Ritter, Traci Thompson, and Richard Dresser, the only named plaintiffs with standing. D.I. 195; D.I. 275 at 13. Though McGoveran, Rodriguez, and Valentine were never formally dismissed, the Court lacked jurisdiction over their claims and dismissed them. So they never got "a final judgment on the merits" of their Section 15(d) claims. *See* 18A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4427 (3d ed. 2024); *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022). I never reached the merits of their Section 15(d) claims (the issue before the state court); instead I resolved their claims on Article III standing (which is not an issue in the state case). *Bayer*, 564 U.S. at 307. Thus, the relitigation exception is not met.

For the same reasons, I also cannot enjoin the Section 15(a) and 15(c) claims. I never ruled finally on the merits of McGoveran, Rodriguez, and Valentine's Section 15(a) or (c) claims, instead dismissing those claims on Article III standing grounds. *See* D.I. 74 at 17–24; D.I. 75 (dismissing the Section 15(a) and (c) claims without prejudice for lack of standing). Because I never ruled on the merits but only Article III standing (an issue that cannot be before the state court), I cannot preclude these claims.

Still, Amazon argues that several of my summary-judgment rulings knock out at least essential elements of the state plaintiffs' Section 15(a) and (c) claims. But this argument misses the mark too. True, McGoveran, Rodriguez, and Valentine failed to show standing because they never proved that they were voice-authenticated by Pindrop's technology. D.I. 171, 181, 195, D.I. 275 at 11–14 (only Ritter, Thompson,

and Dresser had Article III standing). But failing to show federal standing does not doom their state claims. Illinois courts apply a much different standard for standing. *See Rowe v. Raoul*, 223 N.E.3d 1010, 1017 (Ill. 2023). Amazon says I should at least bar McGoveran, Rodriguez, and Valentine from litigating issues that I decided at summary judgment. But that argument also fails. I ruled on Ritter, Thompson, and Dresser's claims and held that Amazon did not engage in conduct in Illinois and did not collect any voiceprints. D.I. 283 at 10–12, 14–15. That ruling did not cover McGoveran, Rodriguez, and Valentine; they lacked standing. *See Taylor v. Sturgell*, 553 U.S. 880, 892–93 (2008).

**B. Amazon has failed to show that it deserves an equitable remedy**

Plus, just because "an injunction *may* issue under the Anti–Injunction Act does not mean that it *must* issue." *United States v. Dougherty*, 627 F. App'x 97, 102 (3d Cir. 2015) (quoting *Chick Kam Choo*, 486 U.S. at 151). "This equitable remedy is never automatic: It always involves a district court's sound discretion." *Del. State Sportsmen's Ass'n v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 197 (3d Cir. 2024). Courts consider several factors when deciding to grant equitable relief, including "(1) the likelihood of success on the merits; (2) the risk of irreparable injury absent … relief; (3) the balance of equities; and (4) the public interest." *Id.* at 202. Though the first factor may apply only to preliminary injunctions, the rest are general equitable principles. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). So they apply here, and Amazon has not carried its burden on them.

Amazon says it is likely to suffer irreparable harm "including duplicative litigation, the possibility of inconsistent judgments, and the needless expenditure of

resources." D.I. 286 at 25. Not so. Irreparable "means that which cannot be repaired, retrieved, put down again, atoned for." *A. O. Smith Corp. v. FTC*, 530 F.2d 515, 525 (3d Cir. 1976). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay[] are not enough" because they can be repaired by a money payment, like attorney's fees. *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)).

Nor has Amazon shown enough on the third or fourth factors. Rather, it argued that it need not prove the traditional equitable requirements. D.I. 286 at 25. Wrong again. "[A]s with any injunction, traditional principles of equity apply." *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 297 (3d Cir. 2004). Construing Amazon's argument generously, it may be saying that the equities tip in its favor because plaintiffs lied to the state court and engaged in forum-shopping. D.I. 286 at 16–17, 20–21. But that is not enough to overcome the strong interest the state court has in retaining jurisdiction and the federal courts' policy of giving "every benefit of the doubt … toward the state court." *Bayer*, 564 U.S. at 307. Amazon has failed to show that the equities and public interest favor an injunction. So even if I could enjoin the state court under *Bayer*, I would still refrain from doing so under my equitable discretion.

Amazon accuses plaintiffs of misleading the state court. *See, e.g.*, D.I. 286 at 17–18. If Amazon wants to press that argument, it should raise it and its preclusion argument in the state court itself. *Bayer*, 564 U.S. at 307 ("Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court.").

6

State courts are "as well qualified as a federal court to protect a litigant by the doctrines of res judicata and collateral estoppel." *Kay Co. v. Equitable Prod. Co.*, 27 F.4th 252, 261 (4th Cir. 2022) (internal quotation marks omitted).

For all these reasons, I deny the motion to enjoin the state suit.